UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, ) | No. CV 11-8920-RGK (PLAx) |
| Plaintiff, ) | **ORDER RE: PLAINTIFF'S EX PARTE APPLICATION FOR AN ORDER SHORTENING TIME** |
| v. ) | |
| ALETHEIA RESEARCH & MANAGEMENT, INC., ) | |
| Defendant. ) | |

The Court has reviewed plaintiff's Ex Parte Application for an Order Shortening Time, filed on May 3, 2012 (the "Application"), and defendant's Opposition thereto, filed on May 4, 2012. Plaintiff in the Application seeks a hearing on its Motion to Compel Production of Documents and -- if ordered at a hearing -- the production of documents sufficiently before May 14, 2012, the date by which its opposition to defendant's pending motion for summary judgment is due.

In sum, plaintiff propounded its Request for Production of Documents on February 10, 2012; agreed on March 12, 2012, to extend the deadline for defendant's responses to April 6, 2012; and requested on April 20, 2012, that all remaining documents be provided by May 4, 2012. According to plaintiff, since as early as March 9, 2012, the parties have been discussing confidentiality issues concerning the documents that plaintiff seeks; and as early as March 12, 2012, plaintiff was aware of the existence of a confidentiality order in an underlying action that

could impact on the availability of the subject documents.  (See Declaration of Brian D. Harrison in support of plaintiff's Application, Ex. 4).  These confidentiality issues form the basis of the Motion to Compel that plaintiff wishes to have heard on shortened time.  Plaintiff contends that hundreds of thousands of pages responsive to their document requests have not yet been produced by defendant; that defendant is stonewalling plaintiff's efforts to obtain those documents, which it needs to oppose the summary judgment motion; that it has been diligent in pursuing the subject documents; and that it needs to review the documents to determine which "are or are not relevant" to its summary judgment opposition.

Ex parte applications are solely for extraordinary relief and should be used with discretion.  To succeed, plaintiff must show why it "should be allowed to go to the head of the line in front of all other litigants and receive special treatment."  See Mission Power Engineering Co. v. Continental Casualty Co., 883 F.Supp. 488, 492 (C.D. Cal. 1995).  Here, the basis of plaintiff's Application is that defendant filed a motion for summary judgment on April 23, 2012, which requires an opposition from plaintiff by May 14, 2012, and there is thus insufficient time for it to file a regularly noticed motion to compel in compliance with Local Rule 37.  However, even without reaching the issue of whether plaintiff has shown the exercise of diligence that would necessitate this extraordinary relief, the Court concludes that ex parte relief is not appropriate here.

Federal Rule of Civil Procedure 56(d) provides that when a party shows that for specified reasons it "cannot present facts essential to justify its opposition" to a motion for summary judgment, the Court can, among other things, defer considering the motion, or deny it, or allow time to take discovery.  The purpose of this rule is to prevent the opposing party from being "railroaded" by a premature motion for summary judgment when it has not had an "opportunity to make full discovery."  See Celotex Corp. v. Catrett, 477 U.S. 317, 326, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  This is precisely what plaintiff claims is occurring here.  Indeed, the only basis for ex parte relief to have its discovery motion briefed, heard and ruled on in an exceedingly short period of time is the timing necessitated by the summary judgment motion.  But plaintiff offers no reason for not pursuing the avenue of relief set forth in Rule 56, or why it should be allowed to avoid the requirements of Rule 56 by seeking extraordinary relief through this Application.  Accordingly,

plaintiff's Ex Parte Application is **denied**, and its Motion to Compel is **denied without prejudice** for failure to comply with Rule 37 (which requires, among other things, that parties unable to settle their discovery differences proceed by way of joint stipulation).[1]

**IT IS SO ORDERED**.

DATED: May 7, 2012

_____
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court **orders** that in connection with any discovery motion that may be filed in this action, the required Rule 37 "meet and confer" be transcribed by a court reporter, a copy of the transcript shall be included with the future motion, and the transcript must reflect a good faith effort by the parties to attempt to resolve the discovery issue before seeking a ruling from the Court. The cost of the court reporter shall be shared equally by the parties.