SEDGWICK LLP
MARTIN J. O'LEARY  Bar No. 106546
BRIAN D. HARRISON  Bar No. 157123
333 Bush Street, 30th Floor
San Francisco, California  94104
Telephone: (415) 781-7900
Facsimile:   (415) 781-2635
Email:  *martin.o'leary@sedgwicklaw.com*
         *brian.harrison@sedgwicklaw.com*

Attorneys for Plaintiff
FEDERAL INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, an Indiana corporation,<br><br>Plaintiff,<br><br>v.<br><br>ALETHEIA RESEARCH & MANAGEMENT, INC., a California corporation,<br><br>Defendant. | CASE NO. CV 11-08920 RGK (PLAx)<br><br>**FEDERAL INSURANCE COMPANY'S OBJECTIONS TO EVIDENCE SUBMITTED BY ALTHERIA RESEARCH & MANAGEMENT, INC. IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**<br><br>Date:   June 4, 2012<br>Time:   9:00 am<br>Dept.:   850<br>Judge:   Hon. R. Gary Klausner |

**REDACTED VERSION**

Plaintiff Federal Insurance Company ("Federal") hereby objects on the following grounds to evidence submitted by Defendant Aletheia Research & Management, Inc. in Support of its Motion for Summary Judgment:

### DECLARATION OF JOAN M. COTKIN
### (MANUALLY FILED)

| Material Objected To | Ground For Objection |
|---|---|
| 1. **Paragraph 3**: I was coverage counsel for Aletheia and was personally present at the Boskovich mediation of the underlying lawsuit brought by Joseph M. Boskovich against Aletheia, LASC BC 398381 which was consolidated with claims Aletheia brought against Boskovich and his companies LASC SC100238 at the time the cases settled. Boskovich claimed Wrongful Termination and Aletheia tendered the same to Houston Casualty Company and to Federal Insurance Company for coverage under their respective 2008-2009 policies. The 2008 -2009 Houston Casualty Company policy at issue was attached as Exhibit A to the Federal Complaint and the 2008-2009 Federal Insurance Company policy was attached as Exhibit B to the Complaint. Houston Casualty Company agreed to pay defense | 1. Irrelevant (FRE 402). The declarant has not identified why the fact that she was coverage counsel for Aletheia and personally present at the Boskovich mediation would be relevant to a determination that Federal had no duty to indemnify Aletheia for the Settlement Payment made towards the settlement of the Boskovich Action. |

| | Material Objected To | Ground For Objection |
|---|---|---|
| 1 | | |
| 2 | costs, and by the time of the settlement of the claims, the operative Boskovich Third Amended Complaint, "Boskovich TAC", was attached as Exhibit C to the Federal Complaint herein. | |
| 7 | 2.  **Paragraph 4**: ███████████ ████████████████████ ████████████████ ██████████████████ ███████████████████ ████████████████████████ ████████████████████████ █████████████████████████ █████████████████████████ ████████████████ █████████████████████████ █████████████████████████ █████████████████ ██████████████████████ ████████████████ █████████████████████████ ██████████████ █████████████████████████ █████████████████████████ ████████████████████ ██████████████ | 2.    Irrelevant (FRE 402), hearsay (FRE 802), lacks personal knowledge and constitutes speculation (FRE 602), improper opinion testimony by a lay witness (FRE 701), and violates the confidentiality of the mediation processes under California Evidence Code §§ 1115 – 1128, 28 U.S.C. § 652(d) and L.R. 16-15.8 (c). This statement is objectionable for several reasons.  First, it relates to statements made (or not made) for the purpose of, in the course of, or pursuant to, a mediation or a mediation consultation and courts are precluded from reviewing such evidence. Evidence Code §§ 1119 (a), 28 U.S.C. § 652(d) and L.R. 16-15.8 (c).  Further, all communications, negotiations, or settlement discussions by and between participants in the course of a mediation |

| Material Objected To | Ground For Objection |
|---|---|
| ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ | or a mediation consultation shall remain confidential. Evidence Code § 1119 (c), 28 U.S.C. § 652(d) and L.R. 16-15.8 (c). In addition, this statement constitutes impermissible hearsay because it is offered to prove the truth of the matter asserted in the statement, i.e., ████████████████████████ ████████████████████████ ████████████████████████ Further, the declarant's understanding as to what she understood ██ ████████████████████████ to mean lacks personal knowledge and is based on speculation. The statement also constitutes improper opinion testimony by a lay witness. |
| 3.  **Paragraph 5**: As reflected in Exhibit D to the Federal Complaint, following conclusion of the mediation, on June 9, 2010, Boskovich's counsel eventually made a monetary demand to Aletheia and a policy limits demand to Aletheia's insurers for payment of alleged money damages Boskovich claimed as a result of alleged wrongful | 3.  Irrelevant (FRE 402), hearsay (FRE 802), lacks personal knowledge, constitutes speculation (FRE 602), and improper opinion testimony by a lay witness (FRE 701). The statement that "At no time to my knowledge, did Boskovich ever demand Aletheia return anything, including money or any tangible thing that he |

| Material Objected To | Ground For Objection |
|---|---|
| termination. At no time to my knowledge, did Boskovich ever demand Aletheia return anything, including money or any tangible thing that he claimed was wrongfully held by Aletheia. | claimed was wrongfully held by Aletheia" statement constitutes impermissible hearsay because it is an out-of-court statement offered to prove the truth of the matter asserted in the statement, i.e., that Mr. Boskovich never demanded that Aletheia return anything. Further, this statement lacks foundation and is based upon speculation because it does not show what the declarant had personal knowledge of with respect to the Boskovich Action. The statement also constitutes improper opinion testimony by a lay witness. |
| 4.  **Paragraph 6**: The undersigned's June 11, 2010 letter to counsel for Federal and counsel for Aletheia's primary insurer HCC is attached to Federal's Complaint as Exhibit E. In this letter the undersigned reminded Federal and HCC that liability was reasonably clear as previously communicated by defense counsel and that Plaintiff Boskovich's only remaining claims were for Wrongful Termination and related | 4.  Irrelevant (FRE 402), hearsay (FRE 802), lacks personal knowledge and constitutes speculation (FRE 602), and improper opinion testimony by a lay witness (FRE 701).<br>The statements that (1) "In this letter the undersigned reminded Federal and HCC that liability was reasonably clear as previously communicated by defense counsel", (2) "that Plaintiff Boskovich's only remaining claims were for |

| Material Objected To | Ground For Objection |
|---|---|
| Breach of Fiduciary Duties, a fact which neither insurer ever contested. Following the time each insurer received this letter, neither one ever contested this statement. | Wrongful Termination and related Breach of Fiduciary Duties, a fact which neither insurer ever contested", and (3) "Following the time each insurer received this letter, neither one ever contested this statement" constitute impermissible hearsay because these are out-of-court statements being offered to prove the truth of the matter asserted. Further, these statements lack foundation and are based upon speculation because there is no showing of what Ms. Cotkin had personal knowledge of with respect to the Boskovich Action. The statements also constitute improper opinion testimony by a lay witness. |
| 5.   **Paragraph 7**: In this June 11, 2010 letter, Aletheia demanded its insurers pay the requested limits.  We informed them Aletheia was willing to pay the separate demand made of them.  We also affirmed that insurer counsel "have never told us what is not covered in any case. ▮ ▮ ▮ | 5.   Irrelevant (FRE 402), hearsay (FRE 802), lacks personal knowledge and constitutes speculation (FRE 602), improper opinion testimony by a lay witness (FRE 701), and violates the confidentiality of the mediation processes under California Evidence Code §§ 1115 – 1128, 28 U.S.C. § 652(d) and L.R. 16-15.8 (c). |

| | Material Objected To | Ground For Objection |
|---|---|---|
| 1 | | |
| 2 | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | The statement ▮▮▮▮▮▮▮▮▮▮ |
| 3 | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮  Do you | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ |
| 4 | have one now?  We suspect not.  It can | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ |
| 5 | hardly be a 'moral hazard' for an | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ |
| 6 | insurance company to pay a covered | ▮▮▮▮▮▮ constitute impermissible |
| 7 | claim."  The undersigned also pointed | hearsay because it is an out-of-court |
| 8 | out in this letter, the various provisions | statement offered to prove the truth of |
| 9 | in the insurance code and the Department | the matter asserted in the statement, i.e., |
| 10 | of Insurance issued regulations which | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ |
| 11 | establish Fair Claims Settlement | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ |
| 12 | Practices and related case law.  The letter | Further, these statements lack |
| 13 | concluded by pointing out that refusal to | foundation and are based upon |
| 14 | offer limits at that point would violated | speculation because there is no showing |
| 15 | those basic standards, and demanded the | of what Ms. Cotkin had personal |
| 16 | insurers meet their obligations by | knowledge of with respect to the |
| 17 | making the limits demanded available. | Boskovich Action.  The statements also |
| 18 | | constitute improper opinion testimony |
| 19 | | by a lay witness.  Also, this statement is |
| 20 | | objectionable because it violates the |
| 21 | | mediation confidentiality provisions of |
| 22 | | California Evidence Code §§ 1119 (a), |
| 23 | | 28 U.S.C. § 652(d) and L.R. 16-15.8. |
| 24 | | Further, the statements about the |
| 25 | | provisions of the insurance code, the |
| 26 | | Department of Fair Claims Settlement |
| 27 | | Practices and related case law, and |
| 28 | | Altheia's demand that the insurers make |

| Material Objected To | Ground For Objection |
|---|---|
| | their limits demanded available are irrelevant because the uncontroverted evidence is that Federal did exactly what it is was required to do under *Blue Ridge Ins. Co. v. Jacobsen*, 25 Cal.4th 489, 498 (2001) – protect Aletheia by settling the Boskovich Action under a reservation of rights and then bring this declaratory relief and reimbursement action with respect to the outstanding coverage dispute.  As this Court held in its February 6, 2012 Order Re: Defendant's Motion to Dismiss (ECF No. 41), Federal met the requirements of *Blue Ridge* when, at Aletheia's request and in response to a demand to settle for the limits of the Excess Policy, Federal agreed to contribute its policy limit towards the settlement of the Boskovich Action and timely reserved rights. |
| 6.   **Paragraph 8**:  Thereafter both insurers did make their limits available, first Federal on June 29, 2010 (see Ex. F to the Federal Complaint) and then HCC so that the parties could enter into the | 6.   Irrelevant (FRE 402) to the extent that the uncontroverted evidence is that Federal did exactly what it is was required to do under *Blue Ridge Ins. Co. v. Jacobsen*, 25 Cal.4th 489, 498 |

| Material Objected To | Ground For Objection |
|---|---|
| settlement of both the Boskovich and the Aletheia lawsuits. The ultimate Settlement Agreement of the consolidated litigation is attached to the Federal Complaint as Ex. G. The Settlement Agreement was signed by Aletheia on August 5, 2010 and the Boskovich parties thereafter. | (2001) – protect Aletheia by settling the Boskovich Action under a reservation of rights and then bring this declaratory relief and reimbursement action with respect to the outstanding coverage dispute. As this Court held in its February 6, 2012 Order Re: Defendant's Motion to Dismiss (ECF No. 41), Federal met the requirements of *Blue Ridge* when, at Aletheia's request and in response to a demand to settle for the limits of the Excess Policy, Federal agreed to contribute its policy limit towards the settlement of the Boskovich Action and timely reserved rights. |
| 7. **Paragraph 9**: Federal's counsel's letters of June 29, 2010 (Ex. F to Federal's Complaint) and its after-the-fact letter of August 23, 2010 (Ex. H to Federal's Complaint) each fail to articulate any facts tending to show the claims were somehow not covered, nor do they cite any language in the insurance policies to somehow justify a "no coverage" or "limited coverage" position. Rather the letters admit the | 7. Irrelevant (FRE 402), hearsay (FRE 802), lacks personal knowledge and constitutes speculation (FRE 602), and lacks authentication (FRE 901). Federal's counsel's letters of June 29, 2010 (Ex. F to Federal's Complaint) and August 23, 2010 (Ex. H to Federal's Complaint) speak for themselves. Thus, statements by Aletheia's counsel about what these letters say are impermissible hearsay |

| Material Objected To | Ground For Objection |
|---|---|
| Boskovich claims do trigger coverage. The letters also assert that "settlement proceeds paid to the plaintiff that provide for the transfer of plaintiff's stock shares back to Aletheia", somehow does not constitute a "Loss", without attempting to explain how this inarticulate statement resembles the settlement of Boskovich's wrongful termination claim here.  These letters make references to disgorgement and restitution, claims never asserted by Boskovich, and cite several completely inapplicable cases involving actual disgorgement or restitution claims. | because they are out-of-court statements offered to prove the truth of the matter asserted.  Further, these statements lack foundation and are based upon speculation because Aletheia's counsel did not draft the letters.  These statements also constitute improper opinion testimony by a lay witness, as well as improper legal argument. |
| 8. **Paragraph 10**:  Following my first review of this Complaint for reimbursement, the undersigned had a telephone conversation with Mr. Schechter who confirmed to me that Mr. O'Leary had previously spoken to him about "joining" the reimbursement lawsuit, but he declined to do so.  Mr. Schechter explained that there were several reasons HCC did not join Federal's reimbursement lawsuit, including that HCC had admitted | 8.   Irrelevant (FRE 402), hearsay (FRE 802), lacks personal knowledge and constitutes speculation (FRE 602), and lacks authentication (FRE 901).  These statements with respect to what Mr. Schechter may have said to the declarant or what was said between Mr. Schechter and Mr. O'Leary constitutes impermissible hearsay because they are out-of-court statements offered to prove the truth of the matter asserted in the statement.  These statements are also |

| Material Objected To | Ground For Objection |
|---|---|
| coverage including an obligation to defend and HCC was relying on arguing that its 2008-2009 policy was appropriately exhausted as a coverage defense to another later claim, a 2010 unrelated lawsuit Aletheia had tendered to HCC under its 2009-2010 policy. | not relevant because Federal did exactly what it is was required to do under *Blue Ridge Ins. Co. v. Jacobsen*, 25 Cal.4th 489, 498 (2001) – protect Aletheia by settling the Boskovich Action under a reservation of rights and then bring this declaratory relief and reimbursement action with respect to the outstanding coverage dispute.  As this Court held in its February 6, 2012 Order Re: Defendant's Motion to Dismiss (ECF No. 41), Federal met the requirements of *Blue Ridge* when, at Aletheia's request and in response to a demand to settle for the limits of the Excess Policy, Federal agreed to contribute its policy limit towards the settlement of the Boskovich Action and timely reserved rights. |
| 9.   **Paragraph 11**:  This latter point is confirmed in a decision in the coverage lawsuit Aletheia filed against HCC regarding the unrelated 2010 lawsuit HCC had refused to cover.  As noted, HCC resisted coverage, in part, by arguing after the Boskovich settlement, | 9.   Irrelevant (FRE 402), hearsay (FRE 802), lacks personal knowledge and constitutes speculation (FRE 602), and lacks authentication (FRE 901). These statements constitute impermissible hearsay because they are based on an out-of-court statements |

| | Material Objected To | Ground For Objection |
|---|---|---|
| 1 | | |
| 2-22 | the unrelated 2010 lawsuit was only covered in the 2008-2009 HCC policy now exhausted.  See the December 19, 2011 District Court decision, *Aletheia et al v Houston Casualty et al* 2011 WL 6595978, a true and exact copy of which is attached hereto as Exhibit "A" at page (6 of 8) where the court states: "Defendant [HCC] attempts now to channel the 2010 lawsuit into the exhausted 2008-2009 Policy". | offered to prove the truth of the matter asserted in the statement. These statements are also not relevant because Federal did exactly what it is was required to do under *Blue Ridge Ins. Co. v. Jacobsen*, 25 Cal.4th 489, 498 (2001) – protect Aletheia by settling the Boskovich Action under a reservation of rights and then bring this declaratory relief and reimbursement action with respect to the outstanding coverage dispute.  As this Court held in its February 6, 2012 Order Re: Defendant's Motion to Dismiss (ECF No. 41), Federal met the requirements of *Blue Ridge* when, at Aletheia's request and in response to a demand to settle for the limits of the Excess Policy, Federal agreed to contribute its policy limit towards the settlement of the Boskovich Action and timely reserved rights. |
| 23-28 | 10. **Paragraph 12**: On or about March 8, 2012 the undersigned spoke with Scott H. Carr, Esq. of the firm of Greene Broillet & Wheeler, LLP who represented Mr. Boskovich in the | 10.  Irrelevant (FRE 402), hearsay (FRE 802), lacks personal knowledge and constitutes speculation (FRE 602), and lacks authentication (FRE 901). The statement that "Mr. Carr told me he |

| Material Objected To | Ground For Objection |
|---|---|
| underlying wrongful termination suit against Aletheia. I had telephoned Mr. Carr to speak to him regarding confidential documents produced in the underlying Boskovich/Aletheia litigation pursuant to a Protective Order, as Federal had served a broad Request for Production of Documents in this case. In the course of that conversation, I inquired whether Mr. Carr recalled the nature of the claims made by Mr. Boskovich against Aletheia. Mr. Carr told me he recalled them very well and confirmed that based on his own recollection, as personal counsel of record for Plaintiff Boskovich, his claim had always been and remained one for monetary damages, which Boskovich alleged he suffered as a result of the claimed wrongful termination. Mr. Carr expressly affirmed that Boskovich made no claim for restitution or disgorgement of any kind, only a claim for compensatory damages arising from alleged wrongful termination. | recalled them very well and confirmed that based on his own recollection, as personal counsel of record for Plaintiff Boskovich, his claim had always been and remained one for monetary damages, which Boskovich alleged he suffered as a result of the claimed wrongful termination. Mr. Carr expressly affirmed that Boskovich made no claim for restitution or disgorgement of any kind, only a claim for compensatory damages arising from alleged wrongful termination" constitutes impermissible hearsay because it is an out-of-court statement offered to prove the truth of the matter asserted in the statement, i.e., that Mr. Carr said that Mr. Boskovich's claim was a claim for compensatory damages, and not a claim for restitution. The statement is also not relevant, constitutes improper opinion testimony by a lay witness, as well as improper legal argument. |

| Material Objected To | Ground For Objection |
|---|---|
| 11. **Paragraph 13**: Attached hereto and marked Exhibit "B" is a true and exact copy of the Third Amended Complaint filed by Aletheia, ("Aletheia TAC"), the operative complaint at the time of the settlement which was consolidated with the Boskovich TAC, for which Aletheia asks this Court to take Judicial Notice.  As the Court will note Aletheia asserted a First Cause of Action for Specific Performance of the Buy-Sell Agreement in connection with the Aletheia stock made available for purchase to Boskovich, and some thirteen others including Misappropriation of Trade Secrets, Unfair Competition and related claims. | 11.  Irrelevant (FRE 402), hearsay (FRE 802), lacks personal knowledge and constitutes speculation (FRE 602), and lacks authentication (FRE 901). The referenced TAC speaks for itself and, therefore, statements with respect to the TAC are irrelevant, constitute improper opinion testimony by a lay witness (FRE 701), as well as improper legal argument. |
| 12.  **Paragraph 14**: At the time of the settlement, as reflected in the settlement agreement, Ex. G to the Federal Complaint, in addition to the insurers' limits payment to secure the dismissal and release of Boskovich's Wrongful Termination claims, Aletheia paid $1.5 million and in turn, Boskovich returned his shares, in effect, performing the | 12.  Irrelevant (FRE 402), hearsay (FRE 802), lacks personal knowledge and constitutes speculation (FRE 602), and lacks authentication (FRE 901).  The statement also constitutes improper opinion testimony by a lay witness (FRE 701), as well as improper legal argument. |

| Material Objected To | Ground For Objection |
|---|---|
| requirements of his Buy Sell Agreement. | |
| 13. **Paragraph 15**: Aletheia compromised its claims releasing them in the settlement agreement, Ex. G to the Federal Complaint, in return for the consideration provided by Boskovich, including the return of the Aletheia shares. | 13. Irrelevant (FRE 402), hearsay (FRE 802), lacks personal knowledge and constitutes speculation (FRE 602), and lacks authentication (FRE 901). The statement also constitutes improper opinion testimony by a lay witness (FRE 701). |

### EXHIBITS TO DECLARATION OF JOAN M. COTKIN

| Material Objected To | Ground For Objection |
|---|---|
| 14. **Exhibit A**: *Aletheia Research and Management, Inc. v. Houston Cas. Co.*, No. CV 11-03001, 2011 WL 6595978 (C.D. Cal. Dec. 19, 2011) | 14. Irrelevant (FRE 402). |

DATED: May 11, 2012

SEDGWICK LLP

By: /s/ Brian D. Harrison

BRIAN D. HARRISON
Attorneys for Plaintiff
Federal INSURANCE COMPANY