SEDGWICK LLP
MARTIN J. O'LEARY  Bar No. 106546
BRIAN D. HARRISON  Bar No. 157123
VEENA A. MITCHELL  Bar No. 161153
333 Bush Street, 30th Floor
San Francisco, California  94104
Telephone: (415) 781-7900
Facsimile:  (415) 781-2635
Email:  *martin.o'leary@sedgwicklaw.com*
        *brian.harrison@sedgwicklaw.com*
        *veena.mitchell@sedgwicklaw.com*

Attorneys for Plaintiff
FEDERAL INSURANCE COMPANY

NOSSAMAN LLP
JOAN M. COTKIN  Bar No. 70665
TERRY C. LEUIN  Bar No. 105968
777 South Figueroa Street, 34th Floor
Los Angeles, California 90017
Telephone: (213) 672-1800
Facsimile: (213) 612-7801
Email:  *jcotkin@nossaman.com*
        *tleuin@nossaman.com*

Attorneys for Defendant
ALETHEIA RESEARCH & MANAGEMENT, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, an Indiana corporation,<br><br>     Plaintiff,<br><br>     v.<br><br>ALETHEIA RESEARCH & MANAGEMENT, INC., a California corporation,<br><br>     Defendant. | CASE NO. CV 11-08920 RGK (PLAx)<br><br>**AMENDED STIPULATED CONFIDENTIALITY ORDER**<br>Complaint Filed: November 3, 2011 |

SF/2686885v1

[PROPOSED] AMENDED STIPULATED CONFIDENTIALITY ORDER

1. **PURPOSES AND LIMITATIONS**

    **1.1** Good Cause Statement

As set forth in the accompanying Stipulation filed by Federal and Aletheia, which is incorporated herein as though fully set forth, disclosure and discovery activity in this action are likely to involve the production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted, including the production of:

- Proprietary business models and investment strategies, as well as private financial information. Federal Rule of Civil Procedure 26(c)(1)(G) (The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: […] (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way[.]")
- Confidential settlement discussions and agreements. *See*, *e.g.*, *Phillips v. GMC*, 307 F.3d 1206, 1212 (9th Cir. 2002) ("courts have granted protective orders to protect confidential settlement agreements").

Further, Federal seeks discovery of documents produced in the *Boskovich v. Aletheia* litigation, Los Angeles Superior Court case no. BC 398381 (consolidated with SC 100238, and collectively referred to herein as "the Underlying Actions"), some of which have been designated as confidential and must be treated as such pursuant to the April 6, 2009 protective order entered there (attached hereto as Exhibit A-1).

    **1.2** Agreement and Acknowledgment

By signing this Stipulation, the Parties agree that documents designated as

confidential in the Underlying Actions shall also be treated as Protected Material, as defined in Section 2.7 below, in the instant action. As such, all of the rights, obligations, and responsibilities concerning the treatment of Protected Material, as set forth below, shall apply equally to those documents designated as confidential in the Underlying Actions.

However, the Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 10, below, that this Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

**2. DEFINITIONS**

**2.1** Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff) (collectively, "the Parties").

**2.2** Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

**2.3** "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c) which is designated by a producing party as "Confidential".

**2.4** Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

**2.5** <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

**2.6** <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

**2.7** <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential."

**2.8** <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

**2.9** <u>House Counsel</u>: attorneys who are employees of a Party.

**2.10** <u>Counsel</u> (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

**2.11** <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

**2.12** <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**3.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in court or in

other settings that might reveal Protected Material.  Protected Material shall be used only for the purpose of the prosecution, defense or settlement of the action, and for no other purpose.

Nothing herein shall impose any restrictions on the use or disclosure by a Party of material obtained by such Party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own confidential information as it deems appropriate; however, documents designated as confidential in the Underlying Actions shall be treated as Protected Material within the meaning of this Stipulation.

**4.    DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**5.    DESIGNATING PROTECTED MATERIAL**

**5.1**    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify—so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items

1  that it designated for protection do not qualify for protection at all, or do not

2  qualify for the level of protection initially asserted, that Party or non-party must

3  promptly notify all other parties that it is withdrawing the mistaken designation.

4  **5.2**  Manner and Timing of Designations.  Except as otherwise

5  provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as

6  otherwise stipulated or ordered, material that qualifies for protection under this

7  Order must be clearly so designated before the material is disclosed or produced.

8  Designation in conformity with this Order requires:

9  5.2.1  for information in documentary form (apart from

10  transcripts of depositions or other pretrial or trial proceedings), that the Producing

11  Party affix the legend "CONFIDENTIAL" on each page that contains protected

12  material.  If only a portion or portions of the material on a page qualifies for

13  protection, the Producing Party also must clearly identify the protected portion(s)

14  (e.g., by making appropriate markings in the margins).

15  A Party or non-party that makes original documents or

16  materials available for inspection need not designate them for protection until after

17  the inspecting Party has indicated which material it would like copied and

18  produced.  During the inspection and before the designation, all of the material

19  made available for inspection shall be deemed "CONFIDENTIAL."  After the

20  inspecting Party has identified the documents it wants copied and produced, the

21  Producing Party must determine which documents, or portions thereof, qualify for

22  protection under this Order, then, before producing the specified documents, the

23  Producing Party must affix the appropriate legend on each page that contains

24  Protected Material.  If only a portion or portions of the material on a page qualifies

25  for protection, the Producing Party also must clearly identify the protected

26  portion(s) (e.g., by making appropriate markings in the margins).

27  5.2.2  for testimony given in deposition or in other pretrial or

28  trial proceedings, that the Party or non-party offering or sponsoring the testimony

identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the bottom of each such page the legend "CONFIDENTIAL" as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

5.2.3 for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions.

**5.3** <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

**6.1** <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**6.2** <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must

begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

**6.3** <u>Judicial Intervention</u>. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 37 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

**7.** <u>**ACCESS TO AND USE OF PROTECTED MATERIAL**</u>

**7.1** <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has

been terminated, a Receiving Party must comply with the provisions of Section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**7.2** <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL, including documents designated as confidential in the Underlying Actions, only to:

7.2.1  Counsel of record for any Party, including partners, associates, deputies, and assistants of such counsel;

7.2.2  Paralegal, stenographic, clerical and secretarial personnel employed by counsel described in Section 7.2.1;

7.2.3  Any Party and any of a Party's officers, directors, employees, trustees, partners, agents, or in-house legal personnel (or to any officer, director, employee, or in-house legal personnel of a parent, subsidiary or affiliate of any Party);

7.2.4  experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Confidentiality Order" (Exhibit A);

7.2.5  reinsurers, auditors and regulators of the Receiving Party; however, the Receiving Party shall take reasonable precautions to ensure that such reinsurers, auditors and regulators sign the "Agreement to Be Bound by Confidentiality Order" (Exhibit A);

7.2.6  the Court and its personnel;

7.2.7  court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed

the "Agreement to Be Bound by Confidentiality Order" (Exhibit A);

        7.2.8 during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Confidentiality Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

        7.2.9 the author of the document or the original source of the information.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action or the Underlying Actions as "CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by email, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material—and

nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

### 9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

### 10. FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. However, the Parties acknowledge that this Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

### 11. FINAL DISPOSITION

After the final termination of this action, each Receiving Party may retain, return or destroy all Protected Material. All Protected Material that a Receiving Party retains remains subject to this Order as set forth in Section 4 (DURATION), above.

As used in this subdivision, all "Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing

any of the Protected Material.

### 12. MISCELLANEOUS

**12.1** <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

**12.2** <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

IT APPEARING TO THE COURT that all Parties have consented to the entry of this Amended Stipulated Confidentiality Order; Good Cause appearing therefore;

IT IS SO ORDERED:

DATED: May 22, 2012

_____
Hon. Paul L. Abrams
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Confidentiality Order that was issued by the United States District Court for the Central District of California on April __, 2012 in the case of *Federal Insurance Company v. Aletheia Research & Management, Inc.*, Case No. CV 11-08920 RGK (PLAx).  I understand that documents designated as confidential in the Underlying Actions shall be treated as Protected Material and subject to all of the terms set forth in this Stipulated Confidentiality Order.  I agree to comply with and to be bound by all the terms of this Stipulated Confidentiality Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Confidentiality Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Confidentiality Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Confidentiality Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
              [printed name]

Signature: _____
           [signature]