SEDGWICK LLP
MARTIN J. O'LEARY  Bar No. 106546
BRIAN D. HARRISON  Bar No. 157123
VEENA A. MITCHELL  Bar No. 161153
333 Bush Street, 30th Floor
San Francisco, California  94104
Telephone: (415) 781-7900
Facsimile:  (415) 781-2635
Email:  martin.o'leary@sedgwicklaw.com
         brian.harrison@sedgwicklaw.com
         veena.mitchell@sedgwicklaw.com

Attorneys for Plaintiff
FEDERAL INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, an Indiana corporation,<br><br>Plaintiff,<br><br>v.<br><br>ALETHEIA RESEARCH & MANAGEMENT, INC., a California corporation,<br><br>Defendant. | CASE NO. CV 11-08920 RGK (PLAx)<br><br>FEDERAL INSURANCE COMPANY'S OBJECTIONS TO ALETHEIA RESEARCH & MANAGEMENT, INC.'S APPLICATION TO TAX COSTS<br><br>Date:           July 20, 2012<br>Time:          10:00 am<br>Dept.:          Telephonic<br>Clerk Designee:  Rosa Morales |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA, AND TO DEFENDANT ALETHEIA RESEARCH & MANAGEMENT, INC. AND ITS ATTORNEYS OF RECORD:

Plaintiff Federal Insurance Company ("Federal") hereby submits the following objections to Defendant Aletheia Research & Management, Inc.'s ("Aletheia") Application to Tax Costs ("Application") and proposed Bill of Costs (see ECF Nos. 121, 121-1 to 121-3, 122, and 122-1 to 122-4).  As discussed further below, most, if not all, of the expenses Aletheia seeks to recover are not taxable as costs under Local Rule 54-4, none of Aletheia's expenses are supported by back-up

documentation, and Aletheia noticed the Application hearing before Judge Klausner instead of the clerk's designee, in violation of the Central District's Bill of Costs Handbook. For these reasons, Federal respectfully requests that Aletheia's Application and proposed Bill of Costs be denied.

### A. Aletheia's Application and Proposed Bill of Costs Should Be Denied Because They Seek to Recover Expenses That Do Not Constitute Taxable Costs Under Local Rule 54-4

Rule 54 of the Federal Rules of Civil Procedure allows the prevailing party in an action to obtain taxable costs from its opposing party. Only specified items, as identified in 28 U.S.C. § 1920, may be taxed costs against the losing party. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–442, 107 S.Ct. 2494, 2497–2498 (1987). Central District of California Local Rule 54-4 elaborates on which items are taxable as costs, and provides that certain of the following are taxable: Clerk's filing fees (54-4.1); fees for service of process (54-4.2); United States Marshal's fees (54-4.3); fees for certification of documents necessary for preparation for a hearing or trial (54-4.4); reporter's transcripts (54-4.5); deposition expenses (54-4.6); witness fees (54-4.7); interpreter's and translator's fees (54-4.8); docket fees (54-4.9); fees of masters, commissioners, and receivers (54-4.10); certification, exemplification and reproduction of documents (54-4.11); premiums on undertakings and bonds (54-4.12); other costs (54-4.13); and state court costs (54-4.14). Items not listed in § 1920 are not taxable as costs unless they are specifically authorized by some other statute or by contract. *See Crawford*, 482 U.S. at 444. Further, "[T]he burden is on the prevailing [party] to establish the amount of compensable costs and expenses to which they are entitled. Prevailing parties necessarily assume the risks inherent in a failure to meet that burden." *English v. Colorado Department of Corrections*, 248 F. 3d 1002, 1012–1013 (10th Cir. 2001) (citations omitted).

Here, Aletheia seeks to recover certain expenses enumerated in its

Application and proposed Bill of Costs; however, most of these expenses are not taxable as costs under Local Rule 54-4. As such, Aletheia's Application and proposed Bill of Costs should be denied.

      1. <u>The Expenses Described in Exhibit A to Aletheia's Application and Proposed Bill of Costs—Messenger and Federal Express Fees—Are Not Taxable Under Rule 54</u>

Exhibit A to Aletheia's Application (ECF No. 121-1) and proposed Bill of Costs (ECF No. 122-2) is entitled "Messenger/Filing Fees," and lists 20 items in the amount of $662.00 for which Aletheia seeks to have taxed as costs ("Exhibit A"). While the Clerk's filing fees are taxable under Local Rule 54-4.1, the title of Exhibit A is misleading as these costs do not appear to be filing fees, as described in United States District Court, Central District of California's Schedule of Fees.[1] Rather, these costs appear to consist of messenger and Federal Express fees for the filing of court documents and the delivery of courtesy copies to the Court and discovery materials to Federal. Indeed, Aletheia includes this amount in its proposed Bill of Costs (ECF No. 122-1) as "Other" costs, as opposed to filing fees under Local Rule 54-4.1. However, as noted above, items not listed in § 1920 are not taxable as costs unless they are specifically authorized by some other statute or by contract. *See Crawford*, 482 U.S. at 444.

Because messenger and Federal Express fees are not taxable under § 1920, Federal Rule of Civil Procedure 54, Local Rule 54, or any other statute, none of the items in Exhibit A are taxable against Federal.

---

[1] Downloaded from http://court.cacd.uscourts.gov/CACD/Forms.nsf/0b2b50f03ce1d589882567c80058610a/66cc90529a00dc1688256dcf005f4ac3?OpenDocument

2.  **The Expenses Described in Exhibit B to Aletheia's Application and Proposed Bill of Costs—Document Production Expenses—Are Not Taxable Under Rule 54**

Exhibit B to Aletheia's Application (ECF No. 121-2) and proposed Bill of Costs (ECF No. 122-3) is entitled "Evolve Discovery Services' Fee for Processing of Documents in Preparation for Production (Invoice)," and lists 5 items in the amount of $22,048.10 for which Aletheia seeks to have taxed as costs ("Exhibit B"). Aletheia includes this amount in its proposed Bill of Costs (ECF No. 122-1) as "Other" costs. However, as noted above, items not listed in § 1920 are not taxable as costs unless they are specifically authorized by some other statute or by contract. *See Crawford*, 482 U.S. at 444. Because document production expenses are not taxable as costs under § 1920, Federal Rule of Civil Procedure 54, Local Rule 54, or any other statute, none of the items in Exhibit B are taxable against Federal.

3.  **Aletheia Has Failed to Demonstrate That Any of the Expenses Described in Exhibit C to Aletheia's Application and Proposed Bill of Costs Constitute Taxable Costs Under Rule 54**

Exhibit C to Aletheia's Application (ECF No. 121-3) and proposed Bill of Costs (ECF No. 122-4) is entitled "Copying Costs," and lists 26 items in the amount of $649.60 for which Aletheia seeks to have taxed as costs ("Exhibit C"). Aletheia includes this amount in its proposed Bill of Costs (ECF No. 122-1) under "Certification, exemplification and reproduction of documents," pursuant to Local Rule 54-4.11. However, Local Rule 54-4.11 provides that the following items are taxable as costs:

Document preparation costs, including:

(a) The cost of copies of an exhibit attached to a document necessarily filed and served; other than exhibits, the costs of copies of documents filed and served is generally not taxable;

(b) The cost of copies of documents or records admitted into evidence when the original is not available or the copy is substituted for the original at the request of an opposing party;

(c) Fees for an official certification of proof respecting the nonexistence of a document or record;

(d) Patent Office charges for the patent file wrappers and prior art patents necessary to the prosecution or defense of a proceeding involving a patent;

(e) Notary fees incurred in notarizing a document when the cost of the document is taxable; and

(f) Fees for necessary certification or exemplification of any document or record.

Each of the 26 line items listed in Exhibit C is described as "General Document(s) for Use in Case." However, per Local Rule 54-4.11 above, not all copying and document reproduction expenses are taxable as costs, and Aletheia has failed to demonstrate that any of Exhibit C's 26 line items fall within the ambit of Local Rule 54-4.11 such that they may be taxed as costs. Because only certain copying expenses are taxable as costs under Local Rule 54, and because Aletheia has failed to demonstrate that any of the copying expenses enumerated in Exhibit C fall within the ambit of Local Rule 54, none of the items in Exhibit C are taxable against Federal. *English*, 248 F. 3d at 1012–1013 (reversing the costs award because the prevailing party failed to meet its burden of establishing the amount of taxable costs when it submitted a spreadsheet listing the names of service providers and amounts paid without further explanation).

**B.  Aletheia's Requested Expenses Should Be Stricken Because No Back-Up Documentation Has Been Submitted In Support of Said Expenses**

As noted above, it is the prevailing party's burden to establish the amount of

taxable costs. *English*, 248 F. 3d at 1012–1013 (citations omitted). In addition, costs can be denied if the prevailing party fails to substantiate the expenses it seeks to recover. *See, e.g., Case v. Unified School Dist. No. 233, Johnson County, Kan.*, 157 F.3d 1243, 1258–59 (10th Cir. 1998) (copying costs denied because prevailing party failed to submit evidence justifying the amount requested).

According to the Central District's Bill of Costs Handbook, "Each item that is claimed in the Bill of Costs must be separately itemized. **Documentation of the actual expenses such as copies of receipts, returned checks, bills, and court orders shall be attached as exhibits to the Bill of Costs.**" (Emphasis in original).[2] Further, the form on which Aletheia submitted its proposed Bill of Costs, Form CV-59, states, "**NOTE TO PARTIES SUBMITTING BILL OF COSTS: Attach to the bill of costs an itemization and documentation supporting all requested fees and costs. Documentation includes receipts, orders and stipulations. All receipts must be self-explanatory.**" (Emphasis in original). Also, the Instructions and Notices Regarding Bill of Costs attached to Form CV-59 states, "**The Clerk's designee may disallow any expenses that do not have supporting documentation**." (Emphasis added).

Here, Aletheia has provided no back-up documentation, invoices, or receipts in support of any of the expenses it seeks to recover. As such, all of Aletheia's requested expenses should be stricken.

C. **Aletheia Has Noticed the Hearing Before Judge Klausner in Violation of the Central District's Instructions That Such Hearings Are to Be Held Before the Clerk's Designee**

Pursuant to Local Rule 54-3.2, taxable costs are assessed by the court clerk upon an application by the prevailing party, and according to the Central District's Bill of Costs Handbook, "Bill of Costs hearings are before the Clerk's designee

---

[2] See http://www.cacd.uscourts.gov/court-procedures/filing-procedures/bill-costs-handbook.

1  and not the assigned district or magistrate judge.  The Clerk's designee for all
2  Divisions (Western Division – Los Angeles, Southern Division – Santa Ana, and
3  Eastern Division – Riverside) is Rosa Morales."[3]
4      Here, Aletheia has improperly noticed the Application to be heard before
5  Judge Klausner, contrary to the Central District's instruction that such hearings are
6  to take place before the Clerk's designee, Ms. Morales.  For this procedural reason,
7  Aletheia's Application and proposed Bill of Costs should be denied.
8      **D.**    **Conclusion**
9      For the reasons set forth above, Federal respectfully requests that Aletheia's
10  Application and proposed Bill of Costs be denied.
11  DATED: July 13, 2012        SEDGWICK LLP

13          By: s/Brian D. Harrison
14            MARTIN J. O'LEARY
          BRIAN D. HARRISON
15            VEENA A. MITCHELL
          Attorneys for Plaintiff
16            FEDERAL INSURANCE COMPANY

---

28  [3] See http://www.cacd.uscourts.gov/court-procedures/filing-procedures/bill-costs-handbook.