Joan M. Cotkin (CA 70665)
jcotkin@nossaman.com
Terry C. Leuin (CA 105968)
tleuin@nossaman.com
Ivy A. Okoniewski (CA 273666)
iokoniewski@nossaman.com
Nossaman LLP
777 S. Figueroa Street, 34th Floor
Los Angeles, CA 90017
Telephone: 213.612.7800
Facsimile: 213.612.7801

Attorneys for Defendant
Aletheia Research & Management, Inc., a California corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, AN INDIANA CORPORATION<br><br>Plaintiff,<br><br>vs.<br><br>ALETHEIA RESEARCH & MANAGEMENT, INC., A CALIFORNIA CORPORATION,<br><br>Defendant. | Case No: CV 11-08920 RGK (PLAx)<br><br>Date: July 20, 2012<br>Time: 10:00 am<br>Dept: Telephonic<br>Clerk Designee: Rosa Morales<br><br>ASSIGNED FOR ALL PURPOSES TO:<br>Hon. Gary K. Klausner<br><br>**ALETHEIA RESEARCH & MANAGEMENT, INC.'S REPLY TO FEDERAL INSURANCE COMPANY'S OBJECTIONS TO ALETHEIA'S APPLICATION TO TAX COSTS** |

TO THE CLERK OF THE COURT, PLAINTIFF FEDERAL INSURANCE COMPANY AND ITS COUNSEL OF RECORD:

Defendant Aletheia Research and Management, Inc. ("Aletheia") hereby submits the following reply to Plaintiff Federal Insurance Company ("Federal")'s objections (hereafter referred to as the "Objection") to Aletheia's Application to Tax Costs and Bill of Costs.

## I. ALETHEIA'S PROPOSED COSTS ARE REASONABLE AND PERMITTED UNDER 28 USC § 1920.

As Federal points out, only items specified in 28 USC § 1920 ("§ 1920") may be taxed costs against the losing party. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-442, 107 S.Ct. 2494, 2497-2498 (1987). However, the costs included within Aletheia's Application to Tax Costs and Bill of Costs are within the perimeters of § 1920.

### A. Section 1920 allows for reasonable messenger costs and the Central District has granted them in the past.

The expenses labeled in Exhibit A as "Messenger/Filing Fees" are within the costs permitted by § 1920 and allowed by the Court's Local Rules. First, the Central District has found § 1920 can encompass reasonable costs for messenger service charges. *See Torrance Unified School Dist. v. Magee*, Case No. CV 07-2164, 2008 WL 4906088 at *5 (C.D. Cal. Nov. 10, 2008) (finding award of messenger costs among other costs reasonable and appropriate). Second, the Local Rules' categories are not exclusive—Local Rule 54-4 ("L.R. 54-4") simply states, "The following items are taxable as costs…" Thus, L.R. 54-4 is not exclusive and § 1920 is the Court's ultimate authority. Further, Local Rule 54-4.11 ("L.R. 54-4.11") provides for "Document preparation costs, including: … (f) Fees for necessary certification or exemplification of any document or record."

The following fees were reasonably incurred by filing necessary documents with the Court and, therefore, were fees necessary for "certification of documents" as covered under L.R. 54-4.11.

| DATE | DOCUMENT | COST |
|---|---|---|
| 11/15/2011 | Court's Courtesy Copy of Filings | $8.00 |
| 12/19/2011 | File Documents Under Seal | $92.00 |
| 12/22/2011 | Delivery of Documents to USDC | $18.00 |
| 1/10/2012 | Delivery of Envelope to USDC | $31.00 |
| 01/13/2012 | Application to File Under Seal and Accompanying Documents | $77.00 |
| 01/17/2012 | Court's Courtesy Copy of Filings | $31.00 |
| 02/09/2012 | Court's Courtesy Copy of Filings | $8.40 |
| 04/24/2012 | Nationwide Legal Express Filing in USDC | $34.60 |
| 04/25/2012 | Nationwide Delivery of Court's Courtesy Copy | $31.00 |
| 05/04/2012 | Nationwide Delivery of Court's Courtesy Copy | $46.50 |
| 05/16/2012 | Nationwide Delivery of Court's Courtesy Copy | $31.00 |
| 05/21/2012 | Nationwide Delivery of Court's Courtesy Copy | $52.80 |
| 05/21/2012 | Nationwide Delivery of Court's Courtesy Copy | $51.00 |
| 05/22/2012 | Nationwide Delivery of Court's Courtesy Copy | $10.00 |

The following fees are "necessary" as contemplated by under L.R. 54-4.11 because they were expenses incurred responding to Federal's own overreaching discovery requests. As the Court record shows, Aletheia repeatedly communicated that the discovery Federal sought was unrelated to Federal's action and instead addressed trade secret allegations. Aletheia only complied with Federal's discovery requests because costs associated with responding and complying with a motion to compel by Federal were greater than the costs of simply producing the documents. Further, such document production is a part of

the exemplification process, as documents produced in discovery are intended to be used to litigate the case.

| DATE | DOCUMENT | COST |
|---|---|---|
| 01/13/2012 | Fed Ex Overnight Delivery to Sedgwick in San Francisco | $18.48 |
| 04/06/2012 | Fed Ex Overnight Delivery of Production Disc to Sedgwick | $11.20 |
| 04/23/2012 | First Legal Delivery of Production Disc to Sedgwick | $33.52 |
| 05/04/2012 | First Legal Delivery of Production Disc to Sedgwick | $20.25 |
| 06/06/2012[1] | First Legal Delivery to Sedgwick | $13.25 |

Therefore, the items listed in Exhibit A are necessary and reasonable document production costs as provided for by L.R. 54-4.11 and allowed under § 1920.

**B.    Courts have held that e-discovery costs are allowed under § 1920.**

The expenses labeled in Exhibit B as "Evolve Discovery Services' Fee for Processing of Documents in Preparation for Production (Invoice)" are also within the ambit of § 1920.  Although the Court is restricted in awarding costs to the categories enumerated in § 1920, district courts have the authority to determine the meaning the categories listed within § 1920.  *Glenn Tibble et al. v. Edison Int'l et al.*, Case No. CV 07-5359, 2011 WL 3759927 at *21(C.D. Cal. Aug. 22, 2011).  Courts have determined e-discovery and electronic data processing costs fall within § 1920(4)'s provision for the exemplification of any materials necessarily obtained for use in the case.  *See Glenn Tibble* at 2011 WL 3759927 at *22-23, citing *BDT Products, Inc. v. Lexmark Int'l., Inc.*, 405 F.3d 415, 420 (6th Cir. 2005) (affirming district court's award of costs for electronic scanning and

---

[1] Please note that although this date was listed in Exhibit A as "06/15/2012," this was a typographical error and the correct date should be "06/06/2012."

imaging); *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, No. 2:07-cv-1294, 2011 WL 1748620 at *7-9 (W.D. Pa. May 6, 2011) (compiling case law and holding e-discovery costs were available under § 1920(4) in case where plaintiff aggressively pursued electronically stored information); *CBT Flint Partners, LLC v. Return Path, Inc.*, 676 F.Supp. 2d 1376 (N.D.Ga. 2009) (holding expenses incurred in retaining computer consultant to collect, search, and identify documents in response to plaintiff's discovery requests were taxable costs).

For instance, in *Glenn Tibble* the court awarded $530,000 of costs associated with using computer technicians to respond to discovery requests. *Glenn Tibble*, 2011 WL 3759927 at *22.  As the court stated,

> It is clear, however, that in this case Defendants' costs were not accrued merely for the convenience of counsel, but were necessarily incurred in responding to Plaintiffs' discovery requests.  …  Plaintiffs aggressively sought electronic files, whether active, deleted, fragmented or stored on electronic media or network drives.

*Id.* at *22-*23.  The case in *Glenn Tibble* presents an identical situation to the case at hand.  Just as the defendants in *Glenn Tibble* expended thousands of dollars responding to discovery requests from plaintiffs, so did Aletheia.  Therefore, the result should be the same as in *Glenn Tibble*, and Aletheia should be awarded its e-discovery costs under § 1920(4).

### C. The costs listed in Exhibit C are reasonable and permitted as document preparation costs under L.R. 54-4.11.

Federal Rule 54(d) empowers the court to award costs that are reasonable and necessary.  *Thornberry v. Delta Air Lines*, 676 F.3d 1240, 1244 (9th Cir. 1982), *remanded on other grounds*, 103 S. Ct. 2421 (1983).  Although the Court is restricted in awarding costs to the categories enumerated in § 1920, district courts have the authority to determine the meaning the categories listed within § 1920.  *Glenn Tibble et al. v. Edison Int'l et al.*, Case No. CV 07-5359, 2011 WL 3759927 (C.D. Cal. Aug. 22, 2011) at *21.  L.R. 54-4.11 states that "other than

exhibits, the costs of copies of documents filed and served is **generally** not taxable." (Emphasis added.) However, L.R. 54-4.11 merely provides for "Document preparation costs, **including**" (emphasis added) and is not exclusive.

The Central District of California has allowed photocopying expenses of a "reasonable number of pages at a reasonable rate." *Shephard v. Dorsa*, Case No. CV 95-8748, 1998 WL 1799018 at *4 (C.D. Cal. July 2, 1998). As stated in *In re Turn-Key Tech Matters*,

> The Ninth Circuit has opined that 28 USC § 1920(4) allows a party to recover its cost for copies, even if those copies were not introduced into the record. *See Haagen-Dazs Co., Inc. v. Double Rainbow Gourmet Ice Creams, Inc.*, 920 F.2d 587, 588 (9th Cir. 1990). Although the underlying dispute in *Haagen-Dazs* was in the Northern District of California, its holding was not limited to cases pending in the Northern District, but instead pertained to cost recoveries in general under 28 USC § 1920(4). The *Haagen-Dazs* case has also been applied in the Central District of California to award costs for copies necessarily obtained for use in the case. *See Automotive Products PLC v. Tilton Engineering, Inc.*, 1994 WL 219912 at *3-4 (C.D. Cal. 1994).

Case No. CV 01-4158 LGB, 2002 WL 32521815 at *1 (C.D. Cal. Nov. 22, 2002).

Here, Aletheia's copying costs were both reasonable and necessary and therefore should be allowed. Each copying expense incurred was reasonable, at a rate of $.20/page. *See Declaration of Kameran Hedayat.* Further, many of the copying costs were incurred addressing discovery that sought information that Aletheia informed Federal was irrelevant and related to trade secret claims. It is unreasonable for Aletheia to bare the expense of Federal's baseless litigation and irrelevant discovery. Aletheia's copying was only done as needed, in response to filing deadlines, as the dates in Exhibit C show. Therefore, Aletheia requests the Court recognize the costs Aletheia has had to bare as a result of Federal's suit and grant the costs listed in Exhibit C.

## II. DOCUMENTATION SUBSTANTIATING ALETHEIA'S COSTS IS ATTACHED AND SHOWS ALETHEIA'S APPLICATION TO TAX COSTS IS VALID.

As explained in the Declaration of Kameran Hedayat, Aletheia did not attach all supporting invoices due to time constraints of processing them. Invoices at Nossaman LLP are also not always divided by client or matter. Therefore, for certain invoices (such as the messenger fees), the firm receives one invoice per month for the entire firm.  Sorting through such invoices is difficult, time intensive, and produces attachments of burdensome size for the court.  Further, such invoices require redaction to protect other clients' interests.

Additionally, as Joan Cotkin affirmed in her declaration attached to the Bill of Costs, "the foregoing costs are correct and were necessarily incurred in this action and [] the services for which fees have been charged were actually and necessarily performed."

Aletheia now provides invoices supporting costs in Exhibit A and Exhibit B in order to substantiate its request for costs.  The invoices are included as attachments to Exhibits A and B, which are filed with this Reply.  Because copying costs are calculated within the Nossaman billing program, no separate invoice exists for them.  If Aletheia is provided more time and the Court so requests, Aletheia can arrange to have invoices created for each of the printing costs.

Because Aletheia's costs are accurate, as further shown by the attached documents, Aletheia request its application be granted.

## III. THE APPEARANCE OF THE CASE'S JUDGE ON THE CAPTION IS NOT A VIOLATION OF THE BILL OF COSTS HANDBOOK.

Federal's Objection is erroneous in its assertion that Aletheia violated local procedure.  Aletheia's caption page does state the name of the presiding judge,

but no where in the Bill of Costs Handbook does it state that this is unpermitted. Further, no where in the Bill of Costs Handbook does it state that Rosa Morales' name is to appear on the caption page.  Additionally, the Notice itself states, "PLEASE TAKE NOTICE that on July 20, 2012, at 10:00 am, Plaintiff Aletheia Research & Management, Inc. ("Aletheia") hereby requests that the **Clerk of Court***,* **pursuant to Federal Rules of Civil Procedure 54(d)(1) and Local Rule 54-3,** tax certain costs." (Application, page 2) (Emphasis added.).

Federal has suffered no prejudice by the existence of Judge Klausner's name on the caption page.  As stated in the Bill of Costs Handbook, "**[i]f it is determined that a telephonic or in-person appearance is necessary, the Clerk's designee will contact the parties no later than 48 hours prior to the scheduled date and time.**"  (Emphasis theirs.)  Therefore, this is not a valid basis for denying Aletheia's Application to Tax Costs and Bill of Costs.

## IV.   CONCLUSION

Based on the above, attached documentation and Aletheia's Application to Tax Costs and Bill of Costs, Aletheia respectfully requests the clerk's designee grant its requested fees.

Dated: July 16, 2012                     Joan M. Cotkin
                                         Terry C. Leuin
                                         Ivy A. Okoniewski
                                         NOSSAMAN, LLP



                                         By    */s/ Joan M. Cotkin*
                                              JOAN M. COTKIN
                                              Attorney for Defendant
                                              ALETHEIA RESEARCH AND
                                              MANAGEMENT, INC.