Joan M. Cotkin (CA 70665)
jcotkin@nossaman.com
Terry C. Leuin (CA 105968)
tleuin@nossaman.com
Ivy A. Okoniewski (CA 273666)
iokoniewski@nossaman.com
Nossaman LLP
777 S. Figueroa Street, 34th Floor
Los Angeles, CA 90017
Telephone: 213.612.7800
Facsimile: 213.612.7801

Attorneys for Defendant
ALETHEIA RESEARCH AND MANAGEMENT, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, an Indiana corporation,<br><br>   Plaintiff,<br><br>vs.<br><br>ALETHEIA RESEARCH & MANAGEMENT, INC., a California corporation,<br><br>   Defendant. | Case No: CV 11-08920 RGK (PLAx)<br><br>**ALETHEIA RESEARCH & MANAGEMENT, INC.'S NOTICE OF MOTION AND MOTION FOR ORDER AWARDING COSTS UNDER 28 U.S.C. §1920; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; AND DECLARATION OF IVY A. OKONIEWSKI**<br><br>Date:        September 10, 2012<br>Time:        9:00 am<br>Location.:   Roybal Federal Building<br>             255 E. Temple St.<br>             Los Angeles, CA 90012<br><br>Courtroom: 850<br>Judge:       Hon. R. Gary Klausner<br>Judgment Entered: June 29, 2012 |

1  TO THE HONORABLE R. GARY KLAUSNER, UNITED STATES DISTRICT
2  COURT JUDGE, PLAINTIFFS AND THEIR COUNSEL OF RECORD:

3  PLEASE TAKE NOTICE that on September 10, 2012, at 9:00 a.m., Defendant Aletheia Research & Management, Inc. ("Aletheia") will and hereby does move this court for an order awarding costs in the amount of $22,710.10 (as set forth in the Exhibits A and B of Aletheia's Application to Tax Certain Costs, Bill of Costs and supporting documentation filed on July 5, 2012 (Dkt. Nos. 121, 122)), pursuant to Federal Rules of Civil Procedure 28 U.S.C. §1920 ("Motion").

This motion is made subsequent to the Court's entering final judgment in this action on June 29, 2012 (Dkt. No. 119) and Aletheia's Notice of Application and Application to Tax Certain Costs and Bill of Costs. (Dkt. Nos. 121, 122). The Court awarded Aletheia $649.60 pursuant to such application on July 23, 2012. (Dkt. 125). Thereafter the Court's deputy clerk stated that she would inform Federal Insurance Company ("Federal") of Aletheia's intent to move for costs not granted in the Bill of Costs. (Declaration of Ivy A. Okoniewski, hereinafter "Okoniewski Decl.", ¶ 3). The deputy clerk informed Aletheia that it had conveyed Aletheia's intent to Federal on July 26, 2012. (Okoniewski Decl., ¶ 4).

This motion is brought on the grounds that Aletheia is the prevailing party under Local Rule 54-2 against Federal in the above-captioned action because Aletheia prevailed on its motion for summary judgment, defeating Federal's demand for restitution. *See* June 19, 2012 Order Granting Aletheia's Motion for Summary Judgment (filed under seal). Thus, Aletheia is entitled to an award of costs under 28 U.S.C. § 1920.

This Motion is based on this notice of motion and motion, the supporting memorandum of points and authorities, the Declaration of Ivy A. Okoniewski and

/ / /
/ / /
/ / /

attached Exhibits, all papers on file in this action, and any argument of counsel presented at any hearing regarding this motion.

                                                Respectfully submitted.

Dated: August 2, 2012           NOSSAMAN, LLP

                                      By:  /s/ Ivy A. Okoniewski
                                            IVY A. OKONIEWSKI
                                            Attorneys for Defendant ALETHEIA
                                            RESEARCH AND MANAGEMENT INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On June 29, 2012, the Court entered judgment in favor of Aletheia Research & Management, Inc. ("Aletheia") and ordered that Aletheia was to recover its costs as the prevailing party. (Dkt. No. 119). On July 5, 2012, Aletheia filed its Notice of Application and Application to Clerk to Tax Certain Costs and Bill of Costs with the Court. (Dkt. Nos. 121, 122). Federal Insurance Company ("Federal") submitted objections to the Application and Bill of Costs on July 13, 2012 (Dkt. No. 123), to which Aletheia replied on July 16, 2012 (Dkt. No. 124). The court's deputy clerk, Rosa Morales ("Ms. Morales"), approved the Bill of Costs as to $649.00, which represented copying costs listed in Exhibit C of the Application to Clerk to Tax Certain Costs. (Dkt. No. 125). Ms. Morales thereafter alerted Aletheia of its ability to submit a motion seeking the other costs itemized on its Bill of Costs under 28 U.S.C. § 1920. (Declaration of Ivy A. Okoniewski, hereinafter "Okoniewski Decl.", ¶ 2). Upon this instruction, Aletheia informed Ms. Morales of its intent to file such a motion, and Ms. Morales conveyed Aletheia's intent to Federal. (Okoniewski Decl., ¶ 3). Aletheia now respectfully requests the Court issue an order awarding the remaining $22,710.10 Aletheia itemized on its Bill of Costs pursuant to 28 U.S.C. § 1920.

## II. AS PREVAILING PARTY, ALETHEIA SHOULD RECEIVE THE COSTS IT NECESSARILY EXPENDED

Only items specified in 28 USC § 1920 ("§ 1920") may be taxed costs against the losing party. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-442, 107 S.Ct. 2494, 2497-2498 (1987). Specifically, § 1920 provides that a "judge or clerk of any court of the United States may tax as costs the following":

(1)   Fees of the clerk and marshal;

(2)   Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

District courts have discretion to determine the meaning of the categories listed within § 1920. *Glenn Tibble et al. v. Edison Int'l et al.*, Case No. CV 07-5359, 2011 WL 3759927 at *7 (C.D. Cal. Aug. 22, 2011). As shown below, the costs included within Aletheia's Motion are within the perimeters of § 1920.

### A.    Section 1920 Allows Recovery of Reasonable Messenger Costs.

The expenses evidenced in Exhibit A of Aletheia's Reply and described as "Messenger/Filing Fees" are within the costs permitted by § 1920. (Dkt. No. 124; *See also* Okoniewski Decl., **Exh. A**, which is a true and correct copy of Aletheia's Reply filed on July 16, 2012). Indeed, the Central District has allowed reasonable costs for messenger service charges under § 1920. *See Torrance Unified School Dist. v. Magee*, Case No. CV 07-2164, 2008 WL 4906088 at *5 (C.D. Cal. Nov. 10, 2008) (finding award of messenger costs among other costs reasonable and appropriate).

The following fees in the amount of $565.30 were reasonably incurred by filing necessary documents with the Court and, therefore, are permitted under § 1920.

/ / /
/ / /
/ / /
/ / /
/ / /

| DATE | DOCUMENT | COST |
|---|---|---|
| 11/15/2011 | Court's Courtesy Copy of Filings | $8.00 |
| 12/19/2011 | File Documents Under Seal | $92.00 |
| 12/22/2011 | Delivery of Documents to USDC | $18.00 |
| 1/10/2012 | Delivery of Envelope to USDC | $31.00 |
| 01/13/2012 | Application to File Under Seal and Accompanying Documents | $77.00 |
| 01/17/2012 | Court's Courtesy Copy of Filings | $31.00 |
| 02/09/2012 | Court's Courtesy Copy of Filings | $8.40 |
| 04/24/2012 | Nationwide Legal Express Filing in USDC | $34.60 |
| 04/25/2012 | Nationwide Delivery of Court's Courtesy Copy | $31.00 |
| 02/04/2012 | Nationwide Delivery of Court's Courtesy Copy | $43.00 |
| 05/04/2012 | Nationwide Delivery of Court's Courtesy Copy | $46.50 |
| 05/16/2012 | Nationwide Delivery of Court's Courtesy Copy | $31.00 |
| 05/21/2012 | Nationwide Delivery of Court's Courtesy Copy | $52.80 |
| 05/21/2012 | Nationwide Delivery of Court's Courtesy Copy | $51.00 |
| 05/22/2012 | Nationwide Delivery of Court's Courtesy Copy | $10.00 |
|  | TOTAL | $565.30 |

In addition, the following delivery fees in the amount of $96.70 were necessary and should be allowed under § 1920 because they were expenses incurred by responding to Federal's own overreaching discovery requests. Even though Aletheia repeatedly communicated that the discovery Federal sought was unrelated to Federal's action and instead addressed an unrelated trade secrets claim (Okoniewski Decl., **Exhs. B, E**), Aletheia was faced with a Hobson's choice of having to comply with Federal's discovery

requests because the costs associated with responding and complying with a motion to compel by Federal were greater than the costs of producing the documents. (Okoniewski Decl., ¶ 9). Thus, the fees were necessary.

Further, such document production is part of the exemplification process, as documents produced in discovery are intended to be used to litigate the case.

| DATE | DOCUMENT | COST |
|---|---|---|
| 01/13/2012 | Fed Ex Overnight Delivery to Sedgwick in San Francisco | $18.48 |
| 04/06/2012 | Fed Ex Overnight Delivery of Production Disc to Sedgwick | $11.20 |
| 04/23/2012 | First Legal Delivery of Production Disc to Sedgwick | $33.52 |
| 05/04/2012 | First Legal Delivery of Production Disc to Sedgwick | $20.25 |
| 06/06/2012[1] | First Legal Delivery to Sedgwick | $13.25 |
|  | TOTAL | $96.70 |

Therefore, the items listed in Exhibit A were necessary and reasonable costs and the total amount of $662.00 for messenger/delivery fees should be allowed under § 1920.

**B.   Aletheia's E-Discovery Costs were Necessary and Reasonable and, Therefore, are Allowed by § 1920.**

The expenses evidenced in Exhibit B of Aletheia's Reply and described as "Evolve Discovery Services' Fee for Processing of Documents in Preparation for Production (Invoice)" are also within the ambit of § 1920. (Dkt. No. 124; *See also* Okoniewski Decl., **Exh. A**). Courts have determined e-discovery and electronic data processing costs fall within § 1920's provision for "fees for exemplification … of any materials …

---

[1] Please note that although this date was listed as "06/15/2012," in Exhibit A of Aletheia's Application to Tax Costs, this was a typographical error and the correct date should be "06/06/2012."

-4-

necessarily obtained for use in the case." *See Glenn Tibble,* 2011 WL 3759927 at *6-7, citing *BDT Products, Inc. v. Lexmark Int'l., Inc.*, 405 F.3d 415, 420 (6th Cir. 2005) (affirming district court's award of costs for electronic scanning and imaging); *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, No. 2:07-cv-1294, 2011 WL 1748620 at *7-9 (W.D. Pa. May 6, 2011) (compiling case law and holding e-discovery costs were available under § 1920(4) in case where plaintiff aggressively pursued electronically stored information); *CBT Flint Partners, LLC v. Return Path, Inc.*, 676 F. Supp.2d 1376 (N.D.Ga. 2009) (holding expenses incurred in retaining computer consultant to collect, search, and identify documents in response to plaintiff's discovery requests were taxable costs).

For instance, in *Glenn Tibble,* the court found that approximately $530,000 of costs associated with using computer technicians to respond to discovery requests was taxable costs under § 1920. *Glenn Tibble*, 2011 WL 3759927 at *6. As the court stated,

> It is clear, however, that in this case Defendants' costs were not accrued merely for the convenience of counsel, but were necessarily incurred in responding to Plaintiffs' discovery requests. ... Plaintiffs aggressively sought electronic files, whether active, deleted, fragmented or stored on electronic media or network drives.

*Id.* at *7. Here, just as the defendants in *Glenn Tibble* expended thousands of dollars responding to discovery "aggressively sought" by plaintiffs, so did Aletheia in responding to Federal's overreaching discovery requests. (Okoniewski Decl., **Exhs. C, D**). In fact, Federal's aggressive approach to discovery is evidenced by the fact that on May 3, 2012, it filed a motion to compel documents (which the court denied) even though a protective order for documents' production had not been finalized. (Dkt. Nos. 52, 74).

Further, Federal demanded e-discovery even though Aletheia warned Federal of the irrelevancy of their requests relating to a former trade secrets case that had no bearing on the matter at hand. (Okoniewski Decl., **Exh. B**). Despite these warnings, Federal continued to demand these documents. Indeed, during the e-discovery process, it was

-5-

Aletheia's practice to keep Federal apprised of the expenses Aletheia had incurred. (Okoniewski Decl., **Exhs. B, C, D, E**). Federal acknowledged Aletheia's e-discovery costs and urged Aletheia to incur the expense of producing irrelevant information relating to Aletheia's former trade secrets case. (See, for example, Okoniewski Decl., **Exhs. E**). At one point, on June 6, 2012, Aletheia informed Federal that its vendor costs had exceeded $22,000 and that the additional documents Federal still sought were duplicate copies of documents that Aletheia had already produced. (Okoniewski Decl., **Exh. D**). Nonetheless, Federal acknowledged such expenses and insisted that Aletheia proceed to needlessly incur these e-discovery costs. (*Id.*) Federal never objected to the costs as unreasonable during the e-discovery process and should not be permitted to do so now.

Aletheia's e-discovery expenses responding to Federal's aggressive discovery tactics were necessary and reasonable. According the sum of $22,048.10 (as shown in Exhibit B to Aletheia's Reply (Dkt. No. 124; *See also* Okoniewski Decl., **Exh. A**)) should be awarded under § 1920.

### III. CONCLUSION

For the foregoing reasons, Aletheia requests that the Court award it, as prevailing party in the instant litigation, $22,710.10 for its messenger and e-discovery costs as shown in Exhibits A and B to Aletheia's Reply. (Dkt. No. 124; *See also* Okoniewski Decl., **Exh. A**).

Dated: August 2, 2012            NOSSAMAN, LLP


By:   /s/ Ivy A. Okoniewski
      IVY A. OKONIEWSKI
      Attorneys for Defendant ALETHEIA
      RESEARCH AND MANAGEMENT INC.

## DECLARATION OF IVY A. OKONIEWSKI

I, Ivy A. Okoniewski, declare as follows:

1. I am an attorney at law duly admitted before the United States District Court, Central District of California. I am an attorney-at-law and I am an associate of the firm Nossaman LLP, counsel for Aletheia Research & Management, Inc. ("Aletheia"), in the above-entitled action. I have personal knowledge of the matters set forth herein and if called upon to do so, I could and would competently testify as to them.

2. The Court's clerk, Rosa Morales, alerted me of the ability to submit a motion seeking the other costs itemized on its Bill of Costs under 28 U.S.C. § 1920.

3. I informed Ms. Morales of Aletheia's intent to file seeking the other costs and Ms. Morales stated that she would convey Aletheia's intent to Federal Insurance Company ("Federal").

4. On July 26, 2012, Ms. Morales confirmed to me via telephone that she had informed Federal of Aletheia's intent to move for costs.

5. A true and correct copy of Aletheia's Reply filed on July 16, 2012 is attached hereto as **Exhibit A.**

6. A true and correct copy of an email chain (with most recent email dated May 3, 2012) referencing steps taken before and after Federal Insurance Company's ("Federal")'s Motion to Compel and that shows Aletheia warned Federal the documents it was requesting were irrelevant is attached hereto as **Exhibit B.**

7. A true and correct copy of the email chain (with most recent email dated June 1, 2012) in which Aletheia sought approval of supplemental e-discovery costs from Federal and in which Aletheia warned Federal that $22,000 had already been expended in e-discovery is attached hereto as **Exhibit C.**

8. A true and correct copy of the email chain (with most recent email dated June 8, 2012) in which Aletheia informs the documents Federal requests are duplicates, but which Federal still requests regardless, is attached hereto as **Exhibit D.**

9.   A true and correct copy of the email dated June 11, 2011, in which Aletheia references the irrelevancy of the documents requested by Federal, and instructs Federal of additional production costs, is attached hereto as **Exhibit E**.

10.   Aletheia decided to comply with Federal's discovery requests because the costs associated with responding and complying with a motion to compel by Federal were greater than the costs of producing the documents.

I declare, under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed on August 2, 2012 at Los Angeles, California.

_____
Ivy A. Okoniewski