# EXHIBIT B

**Okoniewski, Ivy A.**

| | |
|---|---|
| **From:** | Cotkin, Joan M. |
| **Sent:** | Thursday, May 03, 2012 7:14 AM |
| **To:** | 'Yoshino, Erin'; Harrison, Brian |
| **Cc:** | scarr@greene-broillet.com; Okoniewski, Ivy A.; Hedayat, Kameran |
| **Subject:** | RE: Revised last version |

Erin and Brian:

As apparently has become a pattern of abusive tactics, this most recent communication from you is premised by inaccurate statements and is a complete change of direction by you, without any warning or discussion, after weeks of working up your letter agreement and repeated promises Federal would sign the Protective Order. Apparently you are happy with a production of only Non-Confidential Documents and, as you know, we are producing the same.

Your endless distracting conduct however, as caused us some difficulty in meeting your UNREASONABLE demand that we produce ALL non-Confidential Documents by TOMORROW--We told you yesterday that if you are willing to pay an outside vendor about $700 it is more likely accomplished. You declined to defray any expenses opting for threats instead. In house, as we are proceeding, you will have additional Non-Confidential Documents by week's end nevertheless--but the balance may be delivered early next week. As we have REPEATEDLY told you, the underlying consolidated matter generated HUGE amounts of production primarily as a result of Aletheia's claims against Old West--the unfair competition/theft of trade secrets claim generated a HUGE volume of documentation and, we believe, most of the Confidential Documents (which were not provided to us in an easily segregated fashion--we have already told you of the OCR and related difficulties we are experiencing). Most of the Confidential Documents are financial records and the like TOTALLY IRRELEVANT TO THE ISSUES IN OUR SIMPLE MSJ.

In a rather indecipherably contradictory fashion, you state in the middle of your email: Federal has not asked Aletheia to produce any confidential documents in violation of the Protective Order. You then state: Federal requests that, in accordance with the Protective Order, Aletheia notify the third-party subpoena recipients of its intent to produce their confidential documents in response to Federal's requests for production, and then produce all confidential documents as soon as is practicable. Which is it? <u>Federal will NOT agree to hold us harmless because you have determined our producing Confidential Documents produced by some 39 Third Parties would breach the Protective Order--but you demand we breach the Protective Order nevertheless</u>? Are you joking?

We already told you many times we cannot and will not produce Confidential Documents unless we have compliance with the Protective Order--which you NOW refuse to sign. Rather, you distracted us with your various demands to circumvent the Protective Order, but mixed into this rather odd email, may we presume you are telling us <u>the threat of Motions to Compel are withdrawn?</u>

Your use of several phrases in this email is suspect; to pick a few from the many: "As discussed" (you never did call when we repeatedly offered to "meet and confer"--and the only discussion we ever had was at the Scheduling Conference when Brian admitted really all you needed were the deposition transcripts and as to other documents you were just "covering the waterfront" or some such phrase) or how about this one: "a breakdown in trust" --Perhaps you are admitting Federal is untrustworthy? After all you repeatedly threatened us with ex parte motions and baseless motions to compel --later backing off when you realized the futility. Today is the ?third? time you backed off a threatened Motion to Compel.

After all <u>Federal had the opportunity to review the defense counsel files for several years while the matter was pending and utterly failed to do so</u>. Further, we have already made THREE productions to you, so among other documents, you already have **all the underlying pleading files and deposition transcripts**, as you requested.  As noted, Brian told me several weeks ago, <u>at the April 23rd scheduling conference, all he really needed for opposing our MSJ were the deposition transcripts which is why we produced the pleadings and depositions early.</u>

7/26/2012

Exhibit B Page 176

The most recent unconscionable threat you made was in a long email sent to me after 9 pm on Tuesday night, which among other demands included that you would immediately file an ex parte application and demanded that we be available for a telephone conference IMMEDIATELY--In fact we awaited your call all day yesterday and wrote you several times throughout the day reminding you of our availability--no call came.

Despite your bad behavior (perhaps deliberately designed to distract us from the effort required to review hundreds of thousands of pages and assemble material for production and segregate Confidential documents), we have studiously and continuously worked to get you the tens of thousands of documents comprising the underlying litigation and discovery files-<u>not a single paper of which will remotely support your absurd claim that Boskovich somehow sought restitution of something when he sued Aletheia for money damages he claimed as a result of alleged wrongful termination</u>.  Indeed most of the documents produced appear to relate to the consolidated lawsuit brought by Aletheia, rather than the wrongful termination claim.  Your massively overbroad production demands would never pass muster under Rule 26, but we are nevertheless doing our best to give you what we can without violating the Protective Order *to which we are bound*.

You have already received 134,000 pages of material, and if you give us a chance to breathe, you will get more non-Confidential but irrelevant documents as we already told you, as soon as is reasonably possible.

Further, we did sign your first drafted stipulation for a protective order (under protest because we thought it overbroad and in the wrong format) and the judge ultimately refused it, as we predicted might happen.  You then launched into a seemingly endless effort requiring us to work with you on your many drafts of a proposed letter agreement and where <u>you repeatedly promised us that you would sign the letter agreement</u> YOU drafted and that <u>you would sign the Protective Order</u> long since entered in the underlying case (which by the way, we TOLD you should have been incorporated into the first draft of a stipulation for a protective order) -- only to end this long process with <u>your refusal to sign the letter YOU wrote and your refusal to sign the underlying Protective Order you PROMISED us you would sign, even after we finally agreed yesterday that we would not require hold harmless as to "all parties" so long as Federal signed the Protective Order</u>.

All of this from our client's excess EPL insurer who has **fiduciary like duties to its insured**--Federal was **obliged to pay its limits** in August 2010 (along with the primary insurer) to settle Mr. Boskovich's wrongful termination claim, as part of a global settlement ( which included the settlement of Aletheia's lawsuit for specific performance of the Buy-Sell agreement and theft of trade secrets etc).  Some two years later now Federal is unlawfully trying to claw back what it owed and thus had to pay. Notwithstanding your informing the court and counsel that these are mere "legal issues" having to do with interpretation of the policy forms, Federal is engaged in a desperate fishing expedition to search for the non-existent document which might somehow reveal that the Boskovich Wrongful Termination lawsuit was something else entirely...

We will consider your latest proposal, nevertheless. Regards, Joan

---

**From:** Yoshino, Erin [mailto:Erin.Yoshino@sedgwicklaw.com]
**Sent:** Wednesday, May 02, 2012 5:16 PM
**To:** Cotkin, Joan M.; Harrison, Brian
**Cc:** scarr@greene-broillet.com; Okoniewski, Ivy A.; Hedayat, Kameran
**Subject:** RE: Revised last version

Joan,

It remains Federal's position that Aletheia, as the party opposing the production of documents, bears the burden of seeking appropriate protection for the treatment and use of confidential documents produced in the instant action.  Nonetheless, in an attempt to resolve these discovery issues and move on to addressing the merits of the case, we have prepared a draft Amended Stipulation Re: Confidentiality Order and [Proposed] Order Re: Confidentiality Stipulation, which we hope will address the concerns raised in the Court's April 19, 2012 order (ECF No. 48).

As we previously discussed, Federal is unable to sign the Protective Order from the underlying actions, as it may violate Paragraph 2 "Restrictions On Use Of Information" by using confidential documents in the instant action. Until Monday, we were under the impression that Mr. Boskovich and his company, Old West, were the only parties other than Aletheia to have produced confidential documents in the underlying actions; as Mr. Boskovich

was aware of the production of his confidential documents, it was Federal's belief that Aletheia had fulfilled its obligations under the Protective Order and could lawfully produce those documents. In addition, Federal was able to reach an agreement with Mr. Boskovich's counsel regarding the treatment and use of his confidential documents here. However, you have since advised us that there are potentially 39 third-parties that produced confidential documents in response to subpoenas in the underlying actions, and that none of those third-parties have been notified that Aletheia is required to produce their confidential documents here. As such, Federal is unable to sign the Protective Order due to the potential liability that may arise from the use of the confidential subpoenaed documents. For the same reason, and also due to a break down in trust as this litigation has progressed, Federal is unable to sign Aletheia's proposed hold harmless agreement.

Again, Federal has not asked Aletheia to produce any confidential documents in violation of the Protective Order. Federal requests that Aletheia produce all non-confidential documents, including those produced by third-party subpoena recipients by May 4, 2012. In addition, Federal requests that, in accordance with the Protective Order, Aletheia notify the third-party subpoena recipients of its intent to produce their confidential documents in response to Federal's requests for production, and then produce all confidential documents as soon as is practicable.

Lastly, we appreciate the documents we have received to date; however, we note that the volume of documents we have received is not at issue. Rather, the issue is whether Federal has all of the relevant evidence to properly oppose Aletheia's motion for summary judgment (filed before discovery was complete), and more generally, to prosecute and defend its claims.

Regards,

Erin

**Erin R. Yoshino**
Sedgwick LLP
erin.yoshino@sedgwicklaw.com | 415.627.1581 *direct*

---

**From:** Cotkin, Joan M. [mailto:jcotkin@nossaman.com]
**Sent:** Wednesday, May 02, 2012 9:39 AM
**To:** Harrison, Brian
**Cc:** Yoshino, Erin; scarr@greene-broillet.com; Okoniewski, Ivy A.; Hedayat, Kameran
**Subject:** RE: Revised last version

Further to this note-- to be sure we are correct on the productions we have made made so far: We produced records on April 6, 2012, on April 23, 2012 and again yesterday May 1, 2012--the bates ranges go from <u>N-ARM 000001 through N-ARM 133996</u> which of course indicates you now have **133,996 pages of documents** in the format which you requested--which include all the pleadings and depositions. If you bring a motion to compel under these circumstances we will have to request sanctions.

---

**From:** Cotkin, Joan M.
**Sent:** Wednesday, May 02, 2012 6:23 AM
**To:** 'Harrison, Brian'
**Cc:** Yoshino, Erin; 'scarr@greene-broillet.com'; Okoniewski, Ivy A.; Hedayat, Kameran
**Subject:** RE: Revised last version
**Importance:** High

Following our several email responses late last night when you sent us this note we wanted to remind you that we have been diligently reviewing and preparing the thousands of pages of documents to produce by Friday to meet your unilaterally imposed deadline and have already produced some 57,000 pages consisting of the pleading files and depositions. If you refuse any letter agreement, and refuse to sign the Protective Order in the underlying case(which you had repeatedly promised to do) then we can produce only the remaining "non-Confidential" documents and will have to withhold all records produced by the Third Parties.

Given <u>you refuse to indemnify Aletheia against claims by the Third Parties who produced records</u>, we must withhold those documents, as you also failed to procure a Protective Order in this case. As we have repeatedly told you, those records do not relate in any fashion much less provide any support for the Federal fantastical claim

7/26/2012

Exhibit B Page 178

that in Mr. Boskovich's wrongful termination claims against Aletheia, somehow, he sought restitution or disgorgement from Aletheia. Indeed these records are not likely to lead to any relevant or admissible evidence in this case at all. You already have copies of the subpoenas which were in the pleading files already produced and can judge that obvious point yourselves. Thus your threat to seek an order compelling production of these records rings rather hollow and is part and parcel of the apparent Federal harassment campaign to engage in abusive discovery rather than address the legal issues posed by your baseless claim for reimbursement. This is especially true as we offered to nevertheless produce the irrelevant records produced by Third Parties <u>if you agree to indemnify my client</u> against any claims made by such third parties.

Therefore we suggest the reasonable compromise that <u>you send us a SIGNED Protective Order, SIGNED letter with the hold harmless in the last form you suggested (attached above)</u> and we will produce the remaining records (other than the Old West records, as noted, and the records produced by Third Parties)

To remind you of your last communication in regard to your last draft of this letter agreement, this was your message yesterday:

"In order to keep things moving forward with respect to the production of the Boskovich and Old West confidential documents, we were wondering if you would be amenable to executing the attached Boskovich/Old West letter agreement (similar to the draft provided yesterday), and addressing the treatment and use of the third-party subpoena documents separately. The only change we have made to the attached Boskovich/Old West letter agreement is that we have changed Scott's signature block from "Green" to "Greene" (your proposed changes to Item No. 7 concern the third-party subpoena documents; your proposed changes to Item No. 11 are addressed below; and your proposed changes to Item No. 12 are addressed in Item No. 3). Let us know if you have any comments or proposed changes, and please note that our client and Scott Carr have yet to approved this version."

---

**From:** Harrison, Brian [mailto:Brian.Harrison@sedgwicklaw.com]
**Sent:** Tuesday, May 01, 2012 9:01 PM
**To:** Cotkin, Joan M.
**Cc:** Yoshino, Erin
**Subject:** FW: Revised last version

Joan,

We have discussed the most recent draft of the letter agreement with our client, and Federal is uncomfortable with any hold harmless provision requiring Federal to indemnify Aletheia against claims by any person or entity for Aletheia's breach of the Protective Order. It is our position that, since our April 25, 2012 meet and confer correspondence, the parties' positions have been fully articulated via email with respect to the production of documents designated as confidential and produced in the underlying action, and it appears that a genuine dispute exists as to this issue which requires resolution by the Court. Nonetheless, in order to comply with Local Rule 37, we request a meet and confer teleconference regarding Federal's potential motion to compel by noon on Thursday, May 3, 2012. In addition, Federal will apply ex parte for an order shortening time on the motion to compel, and as such, this correspondence constitutes notice of Federal's potential ex parte application pursuant to Local Rule 7-19.1. Please advise, pursuant to Local Rule 7-19.1, whether Aletheia will oppose the application.

Regards,

Brian

---

**From:** Cotkin, Joan M. [mailto:jcotkin@nossaman.com]
**Sent:** Tuesday, May 01, 2012 2:35 PM
**To:** Yoshino, Erin; Harrison, Brian
**Cc:** Okoniewski, Ivy A.; Hedayat, Kameran
**Subject:** FW: Revised last version

7/26/2012

Exhibit B Page 179

My team tells me if you delay further in sending us the signed agreement and signed Protective Order we cannot physically meet you unilaterally imposed deadline re any confidential documents. In fact at this time it may be too late to get all the confidential documents to you by May 4--but you will not get any of them without a letter agreement and signed Protective Order.

It is up to you, as it has been since 2009, when Federal first had an opportunity to review defense counsel's files. As noted previously, we believe not a scrap of paper supports Federal's outlandish characterization of Boskovich's claims as something other than the wrongful termination he claimed.

---

**From:** Cotkin, Joan M.
**Sent:** Tuesday, May 01, 2012 7:45 AM
**To:** 'Yoshino, Erin'; 'Harrison, Brian'
**Cc:** 'scarr@greene-broillet.com'; Okoniewski, Ivy A.; Hedayat, Kameran
**Subject:** Revised last version

Erin and Brian: You have delayed so long in drafting an acceptable version of the letter agreement I had to change the date to May. Please note: as to the 39 or so third party subpoenas and documents produced in response thereto: I have again added back a full hold harmless--<u>If you want those materials sign this agreement</u>. If you want <u>any Confidential documents</u>, sign this agreement. Per this agreement, Aletheia CANNOT produce any Old West Confidential documents until Boskovich tells us which we can produce so, obviously your demand we do so before May 4 makes no sense (unless Mr. Carr immediately identifies which we can produce).

We are prepared to send you documents in addition to the tens of thousands already produced, by Friday--your choice whether they will include "Confidential" documents or not. Please no more revisions. Enough: As we have repeatedly informed you, NONE of the tens of thousands of pages will in any fashion support Federal's claims here because all Boskovich ever sued for was compensatory damages--He never sought restitution or disgorgement so you are just spinning your wheels and churning your files or to use a final but apt metaphor: you are engaged in a useless fishing expedition.

---

The information in this email is intended for the named
recipients only.  It may contain privileged and confidential
matter.  If you have received this email in error, please
notify the sender immediately by replying to this email.
Do not disclose the contents to anyone.  Thank you.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance
with Treasury Department regulations, we inform you that
any U.S. federal tax advice contained in this correspondence
(including any attachments) is not intended to be used, and
cannot be used, for the purpose of (i) avoiding penalties that
may be imposed under the U.S. Internal Revenue Code or
(ii) promoting, marketing or recommending to another party
any transaction or matter addressed herein.

---

The information in this email is intended for the named
recipients only.  It may contain privileged and confidential
matter.  If you have received this email in error, please
notify the sender immediately by replying to this email.
Do not disclose the contents to anyone.  Thank you.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance
with Treasury Department regulations, we inform you that
any U.S. federal tax advice contained in this correspondence
(including any attachments) is not intended to be used, and
cannot be used, for the purpose of (i) avoiding penalties that

may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.