SEDGWICK LLP
MARTIN J. O'LEARY  Bar No. 106546
BRIAN D. HARRISON  Bar No. 157123
VEENA A. MITCHELL  Bar No. 161153
333 Bush Street, 30th Floor
San Francisco, California  94104
Telephone: (415) 781-7900
Facsimile:  (415) 781-2635
Email:  *martin.o'leary@sedgwicklaw.com*
         *brian.harrison@sedgwicklaw.com*
         *veena.mitchell@sedgwicklaw.com*

Attorneys for Plaintiff
FEDERAL INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, an Indiana corporation,<br><br>            Plaintiff,<br><br>     v.<br><br>ALETHEIA RESEARCH & MANAGEMENT, INC., a California corporation,<br><br>            Defendant. | CASE NO. CV 11-08920 RGK (PLAx)<br><br>FEDERAL INSURANCE COMPANY'S OPPOSITION TO ALETHEIA RESEARCH & MANAGEMENT, INC.'S MOTION FOR ORDER AWARDING COSTS UNDER 28 U.S.C. § 1920<br><br>Date:     September 10, 2012<br>Time:    9:00 am<br>Dept.:    850<br>Judge:   Hon. R. Gary Klausner |

SF/2875025v1

# TABLE OF CONTENTS

Page

A. Aletheia's Motion Should Be Denied Because its Application and Proposed Bill of Costs Sought to Recover Expenses That Do Not Constitute Taxable Costs Under 28 U.S.C. §1920, FRCP 54, or Local Rule 54-4 ..................................................................................................3

    1. Messenger and Federal Express Fees Are Not Taxable Under 28 U.S.C. §1920, FRCP 54, or Local Rule 54-4 .......................4

    2. E-Discovery Expenses Are Not Taxable Under 28 U.S.C. §1920, FRCP 54, or Local Rule 54-4 ....................................................6

        a. A Thorough Analysis of § 1920(4) Demonstrates that Most of Aletheia's E-Discovery Expenses Do Not Constitute "Exemplification" or "Costs of Making Copies" .................................................................................6

        b. Even Under Tibble, Aletheia's Recovery of E-Discovery Costs Would Be Limited..........................................12

B. Aletheia's Requested Expenses Should Be Stricken Because It Failed to Provide Any Supporting Documentation With Its Application and Proposed Bill of Costs and Any Time Constraints in Providing Said Documentation Are Entirely of Aletheia's Own Making................................................................................................13

C. Procedural Considerations................................................................16

D. Conclusion........................................................................................16

# TABLE OF AUTHORITIES

Page

## **Cases**

*BDT Prods. v. Lexmark Int'l, Inc.*,
 405 F.3d 415 (6th Cir.2005) ............................................................................... 8

*Bonilla v. KDH Backhoe Service, Inc.*,
 Case No. C-05-3259, 2007 WL 39307 (N.D. Cal. Jan. 4, 2007) ..................... 4, 5

*Brown v. McGraw–Hill Cos.*,
 526 F.Supp.2d 950 (N.D.Iowa 2007) .................................................................. 8

*Case v. Unified School Dist. No. 233, Johnson County, Kan.*,
 157 F.3d 1243 (10th Cir. 1998) ......................................................................... 13

*CBT Flint Partners, LLC v. Return Path, Inc.*,
 676 F.Supp.2d 1376 (N.D.Ga.2009) ................................................................... 8

*Crawford Fitting Co. v. J.T. Gibbons, Inc.*,
 482 U.S. 437, 107 S.Ct. 2494 (1987) ..................................................... 3, 4, 7, 13

*English v. Colorado Department of Corrections*,
 248 F. 3d 1002 (10th Cir. 2001) .................................................................... 3, 13

*Hecker v. Deere & Co.*,
 556 F.3d 575 (7th Cir.2009) ................................................................................ 8

*Mann v. Heckler & Koch Defense, Inc.*,
 No. 1:08–cv–611, 2011 WL 1599580 (E.D.Va. Apr. 28, 2011) ........................ 12

*Race Tires America, Inc v. Hoosier Racing Tire Corp.*,
 674 F.3d 158 (3rd Cir. Mar. 16, 2012) ........................................................ passim

*Romero v. City of Pomona*,
 883 F.2d 1418 (1989) ......................................................................................... 10

*Sexcius v. District of Columbia*,
 839 F.Supp. 919 (D.D.C. 1993) ........................................................................... 5

*Taniguchi v. Kan Pacific Saipan, Ltd.*,
 132 S.Ct. 1997 (May 21, 2012) ..................................................................... 10, 11

*Tibble v. Edison International*,
  Case No. CV 07-5359, 2011 WL 3759927
  (C.D. Cal. Aug. 22, 2011) .................................................................................. 6, 8, 12, 13

*Torrance Unified School District v. Magee*,
  Case No. CV 07-2164, 2008 WL 4906088 (C.D.Cal. Nov. 10, 2008) .............. 4, 5

**<u>Statutes</u>**

20 U.S.C.
  Section 1415(i)(3)(B)(I) ............................................................................................. 4

28 U.S.C.
  Section 1920 .................................................................................................. passim
  Section 1920(4) ............................................................................................... passim
  Section 1920(6) ......................................................................................................... 10

Federal Rules of Civil Procedure
  Rule 54 ............................................................................................................ 1, 3, 5, 13

Local Rules
  Rule 7-3 ................................................................................................................... 16
  Rule 54 ................................................................................................................. 6, 13
  Rule 54-4 ............................................................................................................ 1, 3, 4
  Rule 54-9 ............................................................................................................... 2, 16

1   Plaintiff Federal Insurance Company ("Federal") hereby opposes Defendant
2 Aletheia Research & Management, Inc.'s ("Aletheia") Motion for an Order
3 Awarding Costs Under 28 U.S.C. §1920 ("the Motion").  ECF Nos. 140, 140-1 to
4 140-6.  Aletheia's Motion is based on its Application to Tax Costs ("Application")
5 and proposed Bill of Costs.  ECF Nos. 121, 121-1 to 121-3, 122, and 122-1 to 122-
6 4.  Federal objected to Aletheia's Application and proposed Bill of Costs on July
7 13, 2012.  ECF No. 123.  On or about July 24, 2012, the Clerk entered a Bill of
8 Costs in the amount of $649.60, correctly disallowing $22,710.10 in expenses that
9 Aletheia sought to have taxed as costs.[1]  ECF No. 125.  Aletheia now asks the
10 Court to re-tax the $22,710.10 in disallowed expenses as costs against Federal.
11 However, as discussed further below, most of these expenses are not taxable as
12 costs under 28 U.S.C. §1920, Federal Rule of Civil Procedure 54, or Local Rule
13 54-4; therefore, Aletheia should not be granted any further costs award.
14   In addition, Aletheia seeks an award of costs, but has repeatedly failed to
15 provide the necessary back-up documentation substantiating its expenses.  Indeed,
16 in contravention of the Central District's Bill of Costs Handbook and Form CV-59
17 (Bill of Costs), Aletheia not only failed to provide supporting documentation for
18 any of its expenses with its original Application and proposed Bill of Costs, but it
19 further failed to provide all of the necessary documentation with its Reply to
20 Federal's Objections to Aletheia's Application to Tax Costs ("Reply").  ECF No.
21 124.  That is, to this day, Aletheia has not substantiated all of the expenses it

---

[1] Federal believes that the Bill of Costs award of $649.60 was erroneous for the reasons set forth in its Objections to Aletheia Research & Management, Inc.'s Application to Tax Costs, namely that none of the charges were substantiated with supporting documentation and Aletheia failed to demonstrate that any of the stated expenses were taxable as costs.  ECF No. 123; see also, Section B, *infra*.  However, the award is not the subject of the instant motion.

sought to have taxed as costs.[2]  Aletheia bears the burden of establishing the amount of taxable costs to which it is entitled—having failed to meet this burden not once, but twice, it would be wholly inequitable to allow Aletheia still a third bite at the apple.

Federal also notes that Aletheia's counsel failed to meet and confer pursuant to Local Rule 7-3 prior to bringing this Motion.  See the Declaration of Brian D. Harrison In Support of Federal Insurance Company's Opposition to Aletheia Research & Management, Inc.'s Motion for Order Awarding Costs ("Harrison Declaration"), ¶ 4.  In addition, contrary to Aletheia's assertion, Federal was not notified by the Court's deputy clerk about the instant Motion.  Harrison Declaration, ¶ 5.

Lastly, Federal notes that Local Rule 54-9 permits a party to file and serve a motion to retax costs within seven days of the Clerk's decision.  Here, the Clerk's Bill of Costs was entered on July 24, 2012 (ECF No. 125); therefore, the expiration of the seven-day filing period would have been July 31, 2012.  However, Aletheia's first and second attempts at filing such a motion were stricken by the Court for filing deficiencies.  ECF Nos. 128, 133, and 139.  Aletheia re-filed the instant Motion on August 2, 2012, after the July 31, 2012 expiration of the seven-day filing period.  As such, the Motion is untimely.

For each of these reasons, Federal respectfully requests that Aletheia's Motion be denied.

---

[2] The $649.60 Bill of Costs award was for "Copying Costs."  These expenses were listed in Exhibit C to the Application and proposed Bill of Costs as 26 line items described as "General Document(s) for Use in Case"—Aletheia has never substantiated any of these charges with back up documentation.  However, Aletheia has provided back up documentation for the expenses that the Motion seeks to have taxed as costs here—they were belatedly submitted with Aletheia's Reply.

A. **Aletheia's Motion Should Be Denied Because its Application and Proposed Bill of Costs Sought to Recover Expenses That Do Not Constitute Taxable Costs Under 28 U.S.C. §1920, FRCP 54, or Local Rule 54-4**

Rule 54 of the Federal Rules of Civil Procedure allows the prevailing party in an action to obtain taxable costs from its opposing party. Only specified items, as identified in 28 U.S.C. § 1920, may be taxed costs against the losing party. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–442, 107 S.Ct. 2494, 2497–2498 (1987). Central District of California Local Rule 54-4 elaborates on which items are taxable as costs, and provides that certain of the following are taxable: Clerk's filing fees (54-4.1); fees for service of process (54-4.2); United States Marshal's fees (54-4.3); fees for certification of documents necessary for preparation for a hearing or trial (54-4.4); reporter's transcripts (54-4.5); deposition expenses (54-4.6); witness fees (54-4.7); interpreter's and translator's fees (54-4.8); docket fees (54-4.9); fees of masters, commissioners, and receivers (54-4.10); certification, exemplification and reproduction of documents (54-4.11); premiums on undertakings and bonds (54-4.12); other costs (54-4.13); and state court costs (54-4.14). Items not listed in § 1920 are not taxable as costs unless they are specifically authorized by some other statute or by contract. *See Crawford*, 482 U.S. at 444. Further, "[T]he burden is on the prevailing [party] to establish the amount of compensable costs and expenses to which they are entitled. Prevailing parties necessarily assume the risks inherent in a failure to meet that burden." *English v. Colorado Department of Corrections*, 248 F. 3d 1002, 1012–1013 (10th Cir. 2001) (citations omitted).

Here, Aletheia's Motion seeks to recover certain expenses enumerated in its Application and proposed Bill of Costs; however, these expenses are not taxable as costs under 28 U.S.C. §1920, FRCP 54, or Local Rule 54-4. As such, Aletheia's Motion should be denied.

1.  Messenger and Federal Express Fees Are Not Taxable Under 28 U.S.C. §1920, FRCP 54, or Local Rule 54-4

Exhibit A to Aletheia's Application (ECF No. 121-1) and proposed Bill of Costs (ECF No. 122-2) is entitled "Messenger/Filing Fees," and lists 20 items in the amount of $662.00 for which Aletheia seeks to have taxed as costs ("Exhibit A"). These expenses consist of messenger fees and Federal Express charges for the filing of court documents and the delivery of courtesy copies to the Court and discovery materials to Federal. However, as noted above, items not listed in § 1920 are not taxable as costs unless they are specifically authorized by some other statute or by contract. *See Crawford*, 482 U.S. at 444. Messenger fees and overnight delivery charges are not enumerated in Local Rule 54-4 and they do not fall within the ambit of § 1920; therefore, such expenses are not taxable as costs. *Bonilla v. KDH Backhoe Service, Inc.*, Case No. C-05-3259, 2007 WL 39307 at *2–3 (N.D. Cal. Jan. 4, 2007) (excluding messenger services, overnight delivery, postage, and online research from the costs award because they fall outside the "parameters" of § 1920).

Aletheia cites to *Torrance Unified School District v. Magee*, Case No. CV 07-2164, 2008 WL 4906088 at *5 (C.D.Cal. Nov. 10, 2008) for the proposition that "the Central District has allowed reasonable costs for messenger service charges under § 1920." Motion, ECF No. 140, 2:17–20. However, Aletheia neglects to inform the Court that the messenger fees awarded in *Magee* were part of an award for ***attorneys' fees***, and were expressly distinguished from an award of taxable costs under 28 U.S.C. § 1920. *Magee*, 2008 WL 4906088 at *5–6. In *Magee*, the Central District interpreted part of the Individuals with Disabilities Act, 20 U.S.C. § 1415(i)(3)(B)(I): "the court, in its discretion, may award reasonable attorneys' fees as part of the costs. . ." *Id.* at *5. The court held that while the "costs" portion of this statute referred to "costs," as defined in 28 U.S.C. § 1920, "additional costs claimed by defendants' attorneys may be recovered as part of the

1 *attorneys' fee award*.  Because out-of-pocket litigation expenses that would
2 normally be charged to a fee-paying client are reimbursable *as part of the*
3 *attorneys' fee, distinct from costs*." *Id.* at *6 (emphasis added.)  The court quoted
4 *Sexcius v. District of Columbia*, 839 F.Supp. 919, 927 (D.D.C. 1993), which made
5 clear that messenger fees may be awarded as *attorneys' fees*—"reasonable
6 photocopying, postage, long distance telephone, messenger, and transportation and
7 parking costs are customarily considered part of a reasonable attorney's fee." *Id.*
8 Aletheia has brought a motion to tax costs under 28 U.S.C. § 1920 and cases
9 interpreting attorney fee awards are not only inapplicable, the citation to them by
10 Aletheia is misleading.

11       Aletheia's next argument is not entirely clear.  Aletheia appears to contend
12 that the Federal Express charges were for the delivery of Aletheia's responses to
13 Federal's discovery requests, and because Aletheia was required to respond to
14 discovery requests or face a potential motion to compel, such delivery fees are
15 somehow recoverable as taxable costs because they were "necessary" and "part of
16 the exemplification process."  Motion, ECF No. 140, 3:22–4:5.  This appears to be
17 a reference to Section 1920(4), which provides for the taxation of "Fees for
18 exemplification and the costs of making copies of any materials where the copies
19 are necessarily obtained for use in the case."  Even under the broadest
20 interpretation of § 1920, it is hard to imagine how overnight delivery charges—
21 even for the delivery of discovery responses—would constitute "exemplification"
22 or "costs of making copies" within the ambit of § 1920(4) to constitute taxable
23 costs.  *Bonilla*, 2007 WL 39307 at *2–3 (excluding overnight delivery charges
24 from the costs award because they fall outside the "parameters" of § 1920).
25 Indeed, Aletheia cites to no case law for this strained and tortured interpretation of
26 § 1920(4).

27       Because messenger fees and Federal Express charges are not taxable under §
28 1920 (*Bonilla*, 2007 WL 39307 at *2–3), Federal Rule of Civil Procedure 54,

1  Local Rule 54, or any other statute, none of the items in Exhibit A are taxable
2  against Federal.

        2. <u>E-Discovery Expenses Are Not Taxable Under 28 U.S.C. §1920, FRCP 54, or Local Rule 54-4</u>

           *a.   A Thorough Analysis of § 1920(4) Demonstrates that Most of Aletheia's E-Discovery Expenses Do Not Constitute "Exemplification" or "Costs of Making Copies"*

9     Exhibit B to Aletheia's Application (ECF No. 121-2) and proposed Bill of
10 Costs (ECF No. 122-3) is entitled "Evolve Discovery Services' Fee for Processing
11 of Documents in Preparation for Production (Invoice)," and lists 5 items in the
12 amount of $22,048.10 for which Aletheia seeks to have taxed as "exemplification"
13 costs under § 1920(4) ("Exhibit B").

14    Aletheia states that it incurred the $22,048.10 in e-discovery charges "in
15 responding to Federal's overreaching discovery requests." Motion, ECF No. 140,
16 55:17–20. Aletheia argues that this matter is similar to the unpublished decision in
17 *Tibble v. Edison International*, Case No. CV 07-5359, 2011 WL 3759927 (C.D.
18 Cal. Aug. 22, 2011). In *Tibble*, the defendant was awarded costs for "computer
19 technicians in unearthing the vast amount of computerized data," where "Plaintiffs
20 aggressively sought electronic files, whether active, deleted, fragmented, or stored
21 on electronic media or network drives." *Id.* at *6–8. However, the *Tibble* court's
22 analysis was rather conclusory and did not thoroughly assess whether such
23 expenses fell within the narrow ambit of § 1920(4).

24    Aletheia also cites to a recent Third Circuit opinion, *Race Tires America, Inc*
25 *v. Hoosier Racing Tire Corp.*, 674 F.3d 158 (3rd Cir. Mar. 16, 2012), with the
26 misleading parenthetical: "compiling case law and holding e-discovery costs were
27 available § 1920(4) in case where plaintiff aggressively pursued electronically
28 stored information." Motion, ECF No. 140, 5:3–7. While the Third Circuit did

award certain e-discovery expenses, the award was narrowly tailored to the contours of § 1920 after a very rigorous analysis of relevant legislative history, case law precedent, legal arguments, and factual inquiry. The *Race Tires* court's analysis, summarized below, is thorough, reasonable, and persuasive and should be applied to determine whether Aletheia's e-discovery expenses are indeed taxable as costs under § 1920. *Crawford*, 482 U.S. at 441–442 (only items identified in § 1920 may be taxed costs).

*Race Tires* analyzed "whether § 1920(4) authorizes the taxation of an electronic discovery consultant's charges for data collection, preservation, searching, culling, conversion, and production as either the 'exemplification [or] the . . . making [of] copies of any materials where the copies are necessarily obtained for use in the case.'" 674 F.3d at 164–165. After analyzing the two leading interpretations of "exemplification"—a split between the Federal Circuit interpreting Sixth Circuit law and the Seventh Circuit—the *Race Tires* court held that e-discovery costs fell within neither definition (contrary to Aletheia's assertion), and instead turned to whether such expenses were "costs of making copies." *Id.* at 165–167.

The *Race Tires* court thoroughly analyzed the tasks undertaken in several sets of e-discovery invoices and found that they fell within the following general categories: "collecting and preserving ESI [electronically stored information]; processing and indexing ESI; keyword searching of ESI for responsive and privileged documents; converting native files to TIFF; and scanning paper documents to create electronic images." *Id.* at 167. The Third Circuit observed that:

> [O]nly the conversion of native files to TIFF (the agreed-upon default format for production of ESI), and the scanning of documents to create digital duplicates are generally recognized as the taxable "making copies of material." *See, e.g., Hecker v. Deere & Co.*, 556

|   |   |
|---|---|
| 1 | F.3d 575, 591 (7th Cir.2009) (costs of "converting computer data into |
| 2 | a readable format in response to plaintiffs' discovery requests . . . are |
| 3 | recoverable under 28 U.S.C. § 1920."); *BDT Prods. v. Lexmark Int'l,* |
| 4 | *Inc.*, 405 F.3d 415, 420 (6th Cir.2005) ("[E]lectronic scanning and |
| 5 | imaging could be interpreted as 'exemplification and copies of |
| 6 | papers.'"); *Brown v. McGraw–Hill Cos.*, 526 F.Supp.2d 950, 959 |
| 7 | (N.D.Iowa 2007) ("[T]he electronic scanning of documents is the |
| 8 | modern-day equivalent of '. . . copies of paper,' and, therefore, can be |
| 9 | taxed pursuant to § 1920(4)."). |

*Id.*

The *Race Tires* court analyzed the holdings in *Tibble*[3] and other cases and observed that to such cases,[4] "the 'indispensability' of the services to the ultimate act of production of intelligible electronic documents has been a significant factor," but noted that such "decisions that allow taxation of all, or essentially all, electronic discovery consultant charges [] are untethered from the statutory mooring." *Id.* The Third Circuit explains:

> Section 1920(4) does not state that all steps that lead up to the production of copies of materials are taxable. It does not authorize taxation merely because today's technology requires technical expertise not ordinarily possessed by the typical legal professional.[]
> It does not say that activities that encourage cost savings may be

---

[3] It should be noted that *Tibble* purportedly relied upon *BDT Products*, cited by the *Race Tires* court; however, the *Tibble* court greatly expanded upon the narrow holding in *BDT Products* (which applied only to the scanning and imaging of documents) in holding that much broader e-discovery expenses were taxable as costs under § 1920(4). *Tibble* also relied upon the district court order vacated by the Third Circuit's *Race Tires* opinion.

[4] Such cases include *CBT Flint Partners, LLC v. Return Path, Inc.*, 676 F.Supp.2d 1376 (N.D.Ga.2009), which was relied upon by the *Tibble* court. That is, of the three cases relied upon by the *Tibble* court, it greatly expanded the scope of one (*BDT Products*), another was vacated (district court order in *Race Tires*), and yet another was held to be erroneous (*CBT Flint*).

> taxed. ***Section 1920(4) authorizes awarding only the cost of making copies.*** []
>
> It may be that extensive "processing" of ESI is essential to make a comprehensive and intelligible production. Hard drives may need to be imaged, the imaged drives may need to be searched to identify relevant files, relevant files may need to be screened for privileged or otherwise protected information, file formats may need to be converted, and ultimately files may need to be transferred to different media for production. ***But that does not mean that the services leading up to the actual production constitute "making copies."***

*Id.* at 169 (emphasis added). The *Race Tires* court also rejected the argument that e-discovery services cannot be parsed into taxable and non-taxable services because several technical processes "are necessary for the production of intelligible electronic copies":

> As demonstrated by the courts that have taxed the cost of scanning and file format conversion while not taxing other activities, it is possible to tax only the costs incurred for the physical preparation of ESI produced in litigation. [] ***The highly technical nature of the services simply does not exempt parties who seek to recover their electronic discovery costs under § 1920(4) from showing that the costs fall within the subsection's limited allowance for "the costs of making copies of any materials where the copies are necessarily obtained for use in the case."***

*Id.* at 170 (citation omitted; emphasis added). Lastly, the *Race Tires* court did not place any significance on the fact that "the Federal Rules of Civil Procedure provide for the discovery of ESI or that the parties agreed to 'exchange responsive and discoverable ESI.' [] Indeed, there is a 'presumption . . . that the responding party must bear the expense of complying with discovery requests,'" and absent a

cost-shifting protective order, courts are "limited to shifting only those costs explicitly enumerated in § 1920." *Id.* at 170–171 (citations omitted). As such, the Third Circuit held that "only the scanning of hard copy documents, the conversion of native files to TIFF, and the transfer of VHS tapes to DVD involved 'copying,' and that the costs attributable to only those activities are recoverable under § 1920(4)'s allowance for the 'costs of making copies of any materials.'" *Id.* at 171.

The Ninth Circuit has examined § 1920(4) under different circumstances; however, the narrow interpretation employed by the Ninth Circuit is instructive: "Section 1920(4) speaks narrowly of '[f]ees for exemplification and copies of papers,' suggesting that fees are permitted only for the physical preparation and duplication of documents, not the intellectual effort involved in their production." *Romero v. City of Pomona*, 883 F.2d 1418, 1428 (1989), *overruled in part on other grounds* (rejecting argument that "exemplification" costs include expert research expenses for the assembly and preparation of the content of those exhibits).

Similarly, the United States Supreme Court recently examined the meaning of "interpreter" under 28 U.S.C. 1920(6), and adopted a narrow interpretation, holding that the taxation of "compensation of interpreters" as costs did not also encompass expenses for the translation of documents. *Taniguchi v. Kan Pacific Saipan, Ltd.*, 132 S.Ct. 1997 (May 21, 2012) ("Because the ordinary meaning of the word 'interpreter' is a person who translates orally from one language to another, we hold that 'compensation of interpreters' is limited to the cost of oral translation and does not include the cost of document translation"). The Supreme Court observed the following about its narrow interpretation of § 1920:

> Our decision is in keeping with the narrow scope of taxable costs. "Although 'costs' has an everyday meaning synonymous with 'expenses,' the concept of taxable costs under Rule 54(d) is more limited and represents those expenses, including, for example, court fees, that a court will assess against a litigant." [] Taxable costs are

1     limited to relatively minor, incidental expenses as is evident from §
2     1920, which lists such items as clerk fees, court reporter fees,
3     expenses for printing and witnesses, expenses for exemplification and
4     copies, docket fees, and compensation of court-appointed experts.
5     Indeed, "the assessment of costs most often is merely a clerical matter
6     that can be done by the court clerk." [] Taxable costs are a fraction of
7     the nontaxable expenses borne by litigants for attorneys, experts,
8     consultants, and investigators. It comes as little surprise, therefore,
9     that "costs almost always amount to less than the successful litigant's
10     total expenses in connection with a lawsuit." [] Because taxable costs
11     are limited by statute and are modest in scope, we see no compelling
12     reason to stretch the ordinary meaning of the cost items Congress
13     authorized in § 1920.

14 *Id.* at 2006 (citations omitted).  Because both the Ninth Circuit and Supreme Court
15 have narrowly interpreted 28 U.S.C. 1920, it is likely that both courts would agree
16 with the narrow interpretation in *Race Tires*.
17         Here, Aletheia seeks to have the following e-discovery expenses taxed as
18 costs:

| DATE | DOCUMENT | COST |
|---|---|---|
| 5/29/2012 | Full Electronic File/Loading Fee. Processing all supported files to Tiff (Included–De-Duplication by collection, metadata and full text extraction) | $1,201.75 |
| 5/29/2012 | Document Scanning | $450.00 |
| 5/29/2012 | Document Coding | $495.95 |
| 5/29/2012 | OCR of Documents (979,395 pages at .02 per page) | $19,587.90 |
| 5/29/2012 | Project Management Consulting | $312.50 |
| | TOTAL | $22,048.10 |

26         However, of these amounts, the only expenses that could potentially be
27 taxed as costs under § 1920(4) are "Document Scanning" and "Processing all
28 supported files to Tiff."  The latter task—TIFF processing—is grouped together

with other, non-taxable tasks, for a total of $1,201.75. Even under the most generous interpretation, this sum consists of two components, only one of which (TIFF processing) is potentially taxable (and even certain of those tasks, such as de-duplicating, and full text and metadata extraction would not be taxable). *See Race Tires*, 674 F.3d 170, quoting *Mann v. Heckler & Koch Defense, Inc.*, No. 1:08–cv–611, 2011 WL 1599580 at *9 (E.D.Va. Apr. 28, 2011). As such, of the $1,201.75 being sought, only half, or $600.87, would potentially be taxable. As such, the maximum amount of Aletheia's e-discovery expenses that can be taxed as costs is $1,050.87 ($450.00 for document scanning and $600.87 for TIFF processing).[5] However, as discussed in Section B below, it is Federal's position that none of these expenses should be taxed as costs because Aletheia has repeatedly failed to substantiate all of its claimed expenses with back up documentation.

### b. Even Under *Tibble*, Aletheia's Recovery of E-Discovery Costs Would Be Limited

The *Tibble* court distinguished case law in which "costs relating to providing computerized data are unavailable under § 1920 when such steps are taken merely for the convenience of a party." *Tibble*, 2011 WL 3759927 at *7.

Here, Federal did request the production of many documents, but it did so in good faith. In addition, Nossaman (Aletheia's counsel) advised Sedgwick (Federal's counsel) that Aletheia would be producing documents as Concordance load files and OCR text. See Exhibit A to the Harrison Declaration. It appears that Nossaman preferred this method so that it could search for non-confidential documents. See Exhibit B to the Harrison Declaration. While Federal did not

---

[5] Under a more aggressive interpretation, the $1,201.75 amount could be divided into five separate tasks: (1) Full Electronic File/Loading Fee; (2) Processing all supported files to Tiff; (3) De-Duplication by collection; (4) metadata; and (5) full text extraction. Under this approach, it could be argued that only Item No. 2 would potentially be taxable—that is, one-fifth of the total, or $240.35.

1  object to this form of production, it also did not require Aletheia to produce the
2  documents in this manner.  See Exhibit A to the Harrison Declaration.  In fact,
3  when discovery matters became more contentious, Sedgwick later agreed to accept
4  the load files without OCR text.  See Exhibit C to the Harrison Declaration.  As
5  such, the e-discovery costs incurred by Aletheia were more "convenience of a
6  party (Nossaman and Aletheia)," which would not be "necessary," and therefore,
7  are excludable, even under *Tibble*.
8  　　　As noted above, items not listed in § 1920 are not taxable as costs unless
9  they are specifically authorized by some other statute or by contract.  *See*
10  *Crawford*, 482 U.S. at 444.  Because most of Aletheia's e-discovery expenses are
11  not taxable as costs under § 1920, Federal Rule of Civil Procedure 54, Local Rule
12  54, or any other statute, and for the reasons discussed in Section B below, none of
13  the items in Exhibit B should be taxed against Federal.

14　　**B.**　　**Aletheia's Requested Expenses Should Be Stricken Because It**
15　　　　　　**Failed to Provide Any Supporting Documentation With Its**
16　　　　　　**Application and Proposed Bill of Costs and Any Time Constraints**
17　　　　　　**in Providing Said Documentation Are Entirely of Aletheia's Own**
18　　　　　　**Making**

19  　　　As noted above, it is the prevailing party's burden to establish the amount of
20  taxable costs.  *English*, 248 F. 3d at 1012–1013 (citations omitted).  In addition,
21  costs can be denied if the prevailing party fails to substantiate the expenses it seeks
22  to recover.  *See*, *e.g.*, *Case v. Unified School Dist. No. 233, Johnson County, Kan.*,
23  157 F.3d 1243, 1258–59 (10th Cir. 1998) (copying costs denied because prevailing
24  party failed to submit evidence justifying the amount requested).
25  　　　According to the Central District's Bill of Costs Handbook, "Each item that
26  is claimed in the Bill of Costs must be separately itemized.  **Documentation of the**
27  **actual expenses such as copies of receipts, returned checks, bills, and court**
28  **orders shall be attached as exhibits to the Bill of Costs.**"  (Emphasis in

SF/2875025v1　　　　　　　　　　-13-
FEDERAL'S OPPOSITION TO ALETHEIA'S MOTION FOR COSTS

1  original).⁶  Further, the form on which Aletheia submitted its proposed Bill of
2  Costs, Form CV-59, states, "**NOTE TO PARTIES SUBMITTING BILL OF**
3  **COSTS: Attach to the bill of costs an itemization and documentation**
4  **supporting all requested fees and costs.  Documentation includes receipts,**
5  **orders and stipulations.  All receipts must be self-explanatory.**"  (Emphasis in
6  original).  Also, the Instructions and Notices Regarding Bill of Costs attached to
7  Form CV-59 states, "**The Clerk's designee may disallow any expenses that do**
8  **not have supporting documentation**."  (Emphasis added).
9       Here, neither Aletheia's original Application nor its proposed Bill of Costs
10 contained any back-up documentation, invoices, or receipts in support of any of the
11 expenses it sought to have taxed as costs.  See ECF Nos. 121, 121-1 to 121-3, 122,
12 and 122-1 to 122-4.  In its Reply, Aletheia argued that it "did not attach all
13 supporting invoices due to time constraints of processing them."  ECF No. 124,
14 6:1–24; see also, Declaration of Kameran Hedayat in Support of Defendant's
15 Response to Plaintiff's Objections to Aletheia Research & Management, Inc.'s
16 Application to Tax Costs ("Hedayat Declaration"), ECF No. 124-1, 1:7–16 ("it
17 would not have been feasible under the original time-frame that we were working
18 under to complete the redactions.").
19      However, the Court's judgment ordered Aletheia "to file its memorandum of
20 costs within *fifteen (15) court* days of entry of this Judgment."  ECF No. 119, 2:1–
21 2 (emphasis added).  The judgment was entered on July 2, 2012—by Federal's
22 calculation, Aletheia had until July 23, 2012 to file its memorandum of costs.
23 Rather than attempt a diligent assembly of the required documentation (or perhaps
24 a review of the Central District's and Form CV-59's bill of cost requirements),
25 Aletheia hastily filed an incomplete and wholly inadequate Application and
26 proposed Bill of Costs on July 5, 2012—*with 18 calendar days left to file*.  If time

---

⁶ See http://www.cacd.uscourts.gov/court-procedures/filing-procedures/bill-costs-handbook.

1 was really as much of a constraint as Aletheia contends, it could have used those
2 18 additional days to gather and redact the appropriate invoices for inclusion in its
3 Application or proposed Bill of Costs. It chose not to. The alleged "time
4 constraints" are entirely of Aletheia's own making, and Aletheia cannot now argue
5 that it did not have enough time to prepare a proper memorandum of costs.

6 In a last ditch effort to comply with the bill of cost requirements, Aletheia
7 snuck in certain invoices by attaching them to its Reply. However, in doing so,
8 Aletheia *still* neglected to include all of the invoices. Exhibit C to Aletheia's
9 Application (ECF No. 121-3) and proposed Bill of Costs (ECF No. 122-4) was
10 entitled "Copying Costs," and listed 26 items in the amount of $649.60 for which
11 Aletheia sought to have taxed as costs ("Exhibit C"). Each of the 26 line items
12 listed in Exhibit C was described as "General Document(s) for Use in Case," and
13 none of these items was substantiated by back up documentation. In its Reply,
14 Aletheia represented that "due to system constraints," Nossaman was unable to
15 "print hard copies of documents for these charges." Hedayat Declaration, ECF No.
16 124-1, 1:12–25. This is nonsense. If these charges had not been taxed as costs to
17 Federal, they presumably would have been included on an invoice to Aletheia for
18 payment. If Nossaman can create an invoice to Aletheia for such charges, so too
19 can it produce an invoice for the Court, even if heavily redacted. Aletheia,
20 however, through the generosity of the Clerk, was awarded the costs in Exhibit C,
21 despite having never substantiated any of these expenses.

22 Aletheia has played fast and loose with its Application, proposed Bill of
23 Costs, Reply, and now its Motion. It would be unfair to award Aletheia any further
24 costs, after it failed to meet its initial burden; disingenuously claimed hardship due
25 to falsely manufactured time constraints; snuck in certain invoices and still failing
26 to include others; and being awarded certain costs to which it was not entitled in
27 the first instance. As such, all of Aletheia's requested expenses should be stricken.
28

### C. Procedural Considerations

Lastly, Federal notes that Aletheia's counsel failed to meet and confer pursuant to Local Rule 7-3 prior to bringing this Motion. Harrison Declaration, ¶ 4. In addition, contrary to Aletheia's assertion, Federal was not notified by the Court's deputy clerk about the instant Motion. Harrison Declaration, ¶ 5. In addition, Federal notes that Local Rule 54-9 permits a party to file and serve a motion to retax costs within seven days of the Clerk's decision. Here, the Clerk's Bill of Costs was entered on July 24, 2012 (ECF No. 125); therefore, the expiration of the seven-day filing period would have been July 31, 2012. However, Aletheia's first and second attempts at filing such a motion were stricken by the Court for filing deficiencies. ECF Nos. 128, 133, and 139. Aletheia re-filed the instant Motion on August 2, 2012, after the July 31, 2012 expiration of the seven-day filing period. As such, the Motion is untimely.

### D. Conclusion

For the reasons set forth above, Federal respectfully requests that Aletheia's Motion be denied.

DATED: August 20, 2012                    SEDGWICK LLP

                                          By: s/Brian D. Harrison
                                              MARTIN J. O'LEARY
                                              BRIAN D. HARRISON
                                              VEENA A. MITCHELL
                                              Attorneys for Plaintiff
                                              FEDERAL INSURANCE COMPANY