UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-08920 RGK (PLAx) | Date | September 20, 2012 |
|---|---|---|---|
| Title | Fed. Ins. Co. v. Alethia Research & Mgmt., Inc. | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| S. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

Proceedings:   (IN CHAMBERS) Order Re: Defendant Alethia Research & Management, Inc.'s Motion for Order Awarding Costs (DE 140)

**I.   INTRODUCTION**

On November 3, 2011, Federal Insurance Co. ("Plaintiff") filed its complaint against Alethia Research & Management, Inc. ("Defendant") seeking declaratory relief and reimbursement for improperly paid settlement expenses in the underlying suit. On May 1, 2012, Defendant filed a motion for summary judgment, which was granted by this Court and entered into judgment on July 2, 2012. Then on July 5, 2012, Defendant applied to the Clerk to tax costs in the amount of $23,359.70 pursuant to Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920 ("§ 1920"). On July 23, 2012, the Court awarded Defendant $649.60 for copying costs, but declined to award any other costs.

Presently before the Court is Defendant's Motion for an Order Awarding Costs in the amount of $22,710.10 for Defendant's untaxed messenger and e-discovery costs from its initial Application pursuant to Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920. For the following reasons, the Court **GRANTS in part** and **DENIES in part** Defendant's Motion.

**II.   FACTUAL BACKGROUND**

This Motion represents Defendant's second attempt to tax costs. On July 5, 2012, Defendant filed its initial Application to the Clerk to tax costs and its Bill of Costs in the amount of $23,359.70—including (1) $649.60 in copying costs, (2) $662.00 in messenger/filing fees, and (3) $22,048.10 in e-discovery vendor's expenses. (DE 121.)

On July 13, 2012, Plaintiff submitted Objections to the Application arguing, among other things, that Defendant had failed to substantiate any of the costs. (DE 123.) On July 16, 2012, Defendant replied and substantiated the costs with various supporting documents. On July 23, 2012, the Court approved Defendant's Application only as to the copying costs. (DE 125.)

Defendant attempted to file this Motion on July 26, 2012 and July 27, 2012, but failed due to violations of the Local Rules and filer errors, respectively. On August 2, 2012, Defendant successfully filed the present Motion for Costs. (DE 140.)

### III.  JUDICIAL STANDARD

Federal Rule of Civil Procedure 54(d)(1) states that unless a federal statute, a Federal Rule of Civil Procedure, or a court order provides otherwise, costs—other than attorney's fees—should be awarded to the prevailing party. Rule 54(d)(1) does not, however, authorize a court to award costs beyond those allowed by statute or contract. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-45 (1987). Thus, the court's discretion in awarding costs under Rule 54(d)(1) is limited to those costs within the scope of 28 U.S.C. § 1920. *See Grove v. Wells Fargo Fin. Cal., Inc.*, 606 F.3d 577, 579 (9th Cir. 2010); *see also Crawford*, 482 U.S. at 440.

### IV.  DISCUSSION

The Court must determine: (1) whether it should exercise its discretion to consider Defendant's Motion despite certain procedural violations; (2) whether Defendant's messenger fees are taxable; and (3) whether Defendant's e-discovery expenses are taxable. The Court concludes that: (1) it will consider this Motion on the merits; (2) the messenger fees are not taxable; and (3) only those e-discovery costs that equate to copying are taxable.

#### A.  Procedural Considerations

Plaintiff argues that Defendant's Motion for Costs should be denied for violation of various procedural rules. The Court finds that Plaintiff has not demonstrated that it was prejudiced by any of these violations. Thus, the Court exercises its discretion to consider the Motion.

#### B.  Messenger Costs

Defendant requests $662.00 in "Messenger/Filing Fees." The Court denies Defendant's Motion as to these costs. Federal courts have the authority to tax only those costs specifically enumerated in § 1920. *See Grove*, 606 F.3d at 579. Because messenger and delivery costs do not fall within § 1920, they are not taxable. *See Torrance Unified School District v. Magee*, No. CV 07-2164 CAS (RZx), 2008 WL 4906088, at *5 (C.D. Cal. Nov. 10, 2008).

#### C.  E-Discovery Costs

Defendant's Motion seeks to tax $22,048.10 in e-discovery vendor's expenses. These expenses are broken down as follows:

(1)  $450.00 in document scanning;
(2)  $1,201.75 in TIFF conversion of files (including de-duplication by collection and metadata and full text extraction);
(3)  $495.95 in document coding;

(4) $312.50 in project management consulting; and
(5) $19,587.90 in OCR processing of documents.

### 1. *Only Limited Types of E-Discovery Costs are Taxable Under § 1920*

As an initial matter, the Court must determine whether Defendant's e-discovery expenses fall within one of § 1920's listed categories. Courts have generally agreed that the only subsection potentially applicable to e-discovery costs is § 1920(4)—fees for exemplification[1] and the costs of making copies of any materials where the copies are necessarily obtained for use in the case. But courts disagree as to which specific e-discovery costs are taxable. The Ninth Circuit has not decided the issue. This Court, however, finds the Third Circuit's opinion in *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.* particularly compelling. 674 F.3d 158 (3rd Cir. 2012).

In *Race Tires*, the Third Circuit held that only those electronic activities that equate to "making copies" are taxable under § 1920(4). *Id.* at 167, 169-71. This Court finds the Third Circuit's reasoning consistent with the United States Supreme Court and the Ninth Circuit's narrow interpretation of § 1920. *See Taniguchi v. Kan Pacific Saipan, Ltd.*, 132 S. Ct. 1997, 2006 (2012); *Romero v. City of Pomona*, 883 F.2d 1418, 1428 (9th Cir. 1989), *overruled in part on other grounds by Townsend v. Holman Consulting Corp.*, 914 F.2d 1136, 1141 (9th Cir. 1990). Therefore, the Court finds that only those aspects of e-discovery that are directly analogous to "making copies" are taxable pursuant to § 1920(4).

### 2. *Taxable E-Discovery Costs*

The Court finds that only the document scanning costs are taxable. Document scanning costs are taxable, because it is equivalent to making electronic copies of paper documents. *See Race Tires*, 674 F.3d at 171.

### 3. *Nontaxable E-Discovery Costs*

#### i. *TIFF Conversion, De-Duplication, and Metadata and Full Text Extraction Costs*

Defendant has commingled taxable and nontaxable costs into one group—TIFF conversion, de-duplication, and metadata and full text extraction—in its Bill of Costs for a total of $1,201.75. Thus, the Court cannot distinguish between taxable and nontaxable costs. Additionally, the Court cannot discern precisely what "full text extraction" refers to and, hence, whether it is taxable. Therefore, the Court denies the Motion as to this group of expenses.

#### ii. *Document Coding & Project Management Consulting Costs*

This Court denies this Motion as to the $495.95 in document coding and $312.50 in project management consulting, since neither is analogous to "making copies." *See Race Tires*, 674 F.3d at 169-71.

#### iii. *OCR Processing Costs*

OCR (optical character recognition) processing is the conversion of electronic

---

[1] E-discovery costs are not incurred in producing exhibits used for illustrative purposes at trial. Thus, they cannot be considered "exemplification" costs. *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158, 166 (3d Cir. 2012).

documents to a form in which they can be electronically searched by text. OCR processing is not within § 1920(4), because it is not analogous to copying. "Those courts that have refused to award the costs of electronic discovery vendors beyond file format conversion have recognized that gathering, preserving, processing, searching, culling, and extracting ESI simply do not amount to 'making copies.'" *Race Tires*, 674 F.3d at 169-70. Rather than being analogous to copying, OCR processing is more like the work of an attorney or legal assistant in locating, reviewing, and segregating documents that may be responsive to a discovery request. Thus, the OCR expenses fall outside the scope of § 1920, and are not taxable.

## V.  CONCLUSION

In light of the foregoing, the Court **GRANTS in part** and **DENIES in part** Defendant's Motion for an Order Awarding Costs. Specifically, the Court rules as follows:

1. Defendant's Motion is **GRANTED** as to the $450.00 in document scanning costs;
2. Defendant's Motion is **DENIED** as to the following costs: (1) messenger fees; (2) $1,201.75 for TIFF conversion (including de-duplication by collection, metadata and full text extraction) costs; (3) $495.95 in document coding; (4) $312.50 in project management consulting; and (5) $19,587.90 in OCR processing of documents.

**IT IS SO ORDERED.**

:

Initials of Preparer